James **BERRYHILL**, Appellant,

v.

**Ray H. PAGE**, Warden, Appellee.

No. 8147.

United States Court of Appeals
Tenth Circuit.

Aug. 26, 1965.

Michael C. Villano, Denver, Colo., for appellant.

Jack A. Swidensky, Asst. Atty. Gen., (Charles Nesbitt, Atty. Gen., on the brief), for appellee.

Before PHILLIPS, HILL and SETH, Circuit Judges.

DELMAS C. HILL, Circuit Judge.

Appellant is an inmate of the Oklahoma State Penitentiary serving a life sentence imposed after a plea of guilty for the crime of murder. His appeal is from an order, entered in the United States District Court for the Eastern District of Oklahoma, after an evidentiary hearing, denying his petition for a writ of habeas corpus. He has exhausted his remedies in the state courts.[1]

From the record, these facts appear to be without dispute: That sometime prior to January 30, 1940, petitioner shot and killed a man in Atoka County, Oklahoma, and fled to Phoenix, Arizona, where he was apprehended; he was returned to Atoka County on January 30 to face the charge of murder in the first degree; on February 1 he was taken before the County Court of Atoka County without counsel and arraigned, the minutes of that court showing that he waived a preliminary hearing, entered a plea of guilty and was bound over to the district court; on the same day, he was taken before the

---

1. Ex parte Berryhill, 87 Okl.Cr. 48, 194 P.2d 214; Berryhill v. Page, Okl.Cr., 391 P.2d 909, cert. denied 379 U.S. 883, 85 S.Ct. 152, 13 L.Ed.2d 89.

district court, arraigned, entered a plea of guilty, was sentenced to a life term of imprisonment [2] and committed to the state penitentiary.

Undisputed testimony in the record also shows that Berryhill, at the time he was sentenced, was about forty years of age, could not read and was able to write only his own name. A letter from the lawyer, who was the prosecuting attorney in the case, written in 1951 to the State Pardon and Parole Board about Berryhill, and which was an exhibit in the trial court, reflects other pertinent information about the case, particularly that Berryhill had a possible defense to the charge.[3]

Appellant contends that he was denied his right to counsel under the Sixth Amendment and was not accorded due process as guaranteed by the Fourteenth Amendment. Appellee, in its brief and argument, does not deny that appellant had a constitutional right to the assistance of counsel, but argues that the record shows that he "competently and intelligently waived" that right. The trial court found from the herein stated facts that Berryhill "was offered counsel, knowingly entered a plea of guilty, and was aware of what was transpiring, and was aware of court procedure. None of the alleged constitutional rights of Petitioner were violated."

Before Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, the federal constitutional right to counsel did not extend to persons accused in the state courts. By that decision a person accused in state court of a capital offense who was unable to employ counsel and who was incapable "of making his own defense because of ignorance, feeble-mindedness, illiteracy, or the like" became entitled, as a constitutional right to due process, to be represented by counsel. In Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, the right of an accused to counsel in a state court, whether the offense charged is capital or non-capital, became the law of the land. The Court

---

2. The transcript of these proceedings reflects the following:

"Q. (by Judge Roy Paul) Are you going to plead guilty or not guilty?
A. (James Berryhill) I plead guilty.
Q. Do you understand that you are entitled to a trial by jury, or you can plead guilty and have the court appoint counsel?
A. Well I will just plead guilty.
Q. But you understand you don't have to plead guilty, are you sure you want to?
A. I guess so.
Q. I will appoint counsel now if you want me to.
A. I plead guilty.
Q. Even with the offer to appoint counsel, you still want to plead guilty?
A. Yes.
Q. Have you had any experience before?
A. Yes, but I have always plead guilty.
Q. In other words you know what a plea is?
A. Yes.
Q. Nobody else had anything to do with the murder?
A. No."

3. "This was a very unusual case. Berryhill went to the home of this man, Wilson, a sort of recluse who lived by himself here a few miles from Atoka. Berryhill killed him there at his home.

"I had no way of knowing what actually happened as there were only the two of them there, but Berryhill says the deceased had a gallon of corn whiskey and after they both got drunk, that Wilson assaulted him with a knife and he grabbed up a gun nearby and killed him. All of which would have made a good case of self-defense but Berryhill ran off from the scene of the crime. He claims, however, he was drunk and didn't realize what he was doing.

"But anyway he plead guilty and gave the authorities no trouble, and did not cause the County any expense of a trial.

"I knew the deceased well. Knew him to be a quarrelsome old man and I had had some trouble with him to some extent. He was in several squabbles with him neighbors and also got into a scrape in Coalgate just before that. He had no family and so far as I know he has never had a relative in this part of the country. Where he came from here I do not know.

"But anyway I think Berryhill has served enough, and I want to recommend a parole for him."

reasoned that the right to counsel is essential to a fair trial and that the Sixth Amendment became applicable to state criminal trials under the "due process" clause of the Fourteenth Amendment. Cases preceding Gideon clearly foreshadowed such a decision.[4] The right to counsel in state prosecutions as enunciated in Gideon must be applied retrospectively. Doughty v. Maxwell, 372 U.S. 781, 83 S.Ct. 1106, 10 L.Ed.2d 139 and 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650; United States ex rel. Durocher v. LaVallee, 2 Cir., 330 F.2d 303, cert. denied, 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048 (1964); Palumbo v. State of New Jersey, 3 Cir., 334 F.2d 524; United States ex rel. Craig v. Myers, supra, note 4. A plea of guilty cannot constitute a conclusive presumption of a waiver of the right to counsel. Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367. Where the assistance of counsel is a constitutional prerequisite, such right is not dependent upon a request for counsel by the accused. Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 8 L.Ed.2d 70. When an accused in a capital case is required to plead to the charge, he is entitled, as a matter of federal constitutional law, to the benefit of counsel. Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114. In order to effectuate a waiver of the right to counsel, the record must plainly show that the accused was offered the assistance of counsel but intelligently and understandingly rejected the offer. Carnley v. Cochran, supra.

To us, this is a clear case of deprivation of a man's constitutional right to counsel. This illiterate man was compelled to stand before the bar of justice, charged with the crime of murder, a capital offense, and to plead to that charge. The record before us does not show that the trial judge even explained to the accused the nature of the charge or the possible sentencing consequence of a plea of guilty. Neither does the record reflect an understanding offer on the part of the trial judge to appoint counsel or an intelligent and understanding rejection of an offer to appoint counsel on the part of the accused. In addition, the lawyer, who was the prosecuting attorney in the case, has admitted on the record, by letter, that the accused may have had a defense to the charge. Also, under Oklahoma law, the charge of murder in the first degree embodies lesser degrees of murder and an examination, by a competent appointed counsel of the facts of the killing, may very well have revealed that Berryhill was either guilty of a lesser degree of murder than that charged or that he had a complete defense to the charge. This is clearly indicated by the prosecuting attorney's letter to the Pardon and Parole Board. The Court in Tomkins v. State of Missouri, 323 U.S. 485, 489, 65 S.Ct. 370, 372, 89 L.Ed. 407, well stated the inherent danger to this accused under the facts disclosed by this record as follows: "The guiding hand of counsel is needed lest the unwary concede that which only bewilderment or ignorance could justify or pay a penalty which is greater than the law of the State exacts for the offense which they in fact and in law committed."

We must conclude from our careful examination of the record before us that Berryhill was not understandingly advised of his right to the assistance of counsel at the time he entered his plea of guilty to the crime of murder in the first degree and that he did not understandingly and intelligently waive that right, therefore, the plea of guilty and the sentence imposed thereupon were in violation of appellant's constitutional rights.

The order denying the writ of habeas corpus is reversed but the respondent warden is directed to retain custody of appellant for a period of thirty days after the issuance of the mandate herein. If, during such thirty day period, the appropriate state authorities desire to take custody of appellant for the purpose of

4. See discussion in United States ex rel. Craig v. Myers, 3rd Cir., 329 F.2d 856.

further prosecuting the murder charge, respondent is directed to deliver custody of appellant to such state authorities, otherwise appellant shall then be released from custody.