PEOPLE *v.* JONES.

1. CRIMINAL LAW—REPRESENTATION BY COUNSEL—SENTENCE.
   Defendant's contention that the action of the trial judge in prosecution for breaking and entering a business establishment with intent to commit a larceny in sentencing him while he was not represented by counsel deprived him of his constitutional rights *held*, meritorious, for reasons given in *People* v. *Dye*, 6 Mich App 217 (CL 1948, § 750.110, as amended by PA 1964, No 133).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  21 Am Jur 2d, Criminal Law §§ 312, 313, 318, 319, 322, 529.

2. SAME—SENTENCE—ASSISTANCE OF COUNSEL.
    Absence of counsel for defendant, convicted of felony, at time
    of sentencing, constituted ground for vacation of sentence
    imposed and remand of case to trial court for reimposition of
    sentence with defense counsel present, where no opportunity
    appears to have been presented for ascertaining whether defend-
    ant desired that counsel be present.

Appeal from Lenawee; Martin (Rex B.), J. Sub-
mitted Division 2 November 10, 1966, at Lansing.
(Docket No. 1,939.) Decided February 28, 1967.

George S. Jones was convicted, on plea of guilty,
of breaking and entering a business place with in-
tent to commit a larceny. Defendant appeals.
Sentence vacated and cause remanded for reim-
position of sentence.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Harvey A.
Koselka,* Prosecuting Attorney, for the people.

*Robertson & Bartlow (Alexander M. Des Chenes,
Jr.,* of counsel), for defendant.

T. G. KAVANAGH, J. Defendant was represented
by retained counsel when he pleaded guilty to break-
ing and entering a business place with intent to
commit larceny on October 22, 1964.* The plea
was accepted and the case was adjourned for sen-
tencing. The court explained: "We'll call Mr.
Kralick [the defendant's counsel] and have him
come also and at that time we'll discuss the matter
[of sentencing] and decide what should be done."

Defendant was sentenced December 2, 1964.
After an unrecorded conference in chambers the

---

* CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann
1965 Cum Supp § 28.305).

court said: "It's my understanding that Mr. Kralick is no longer your attorney. Is that correct?" The defendant answered "Yes." After receiving a negative answer to its question whether defendant had anything to say before sentence was passed, the court proceeded to discuss the factors entering into the length of sentence to be imposed. The court did not inquire whether representation by counsel was desired, nor did the defendant object to proceeding without counsel present. Sentence was 3-1/2 to 10 years.

Motion for a new trial was denied May 13, 1965.

Defendant appeals on the ground that absence of counsel at sentencing deprived him of his constitutional right to representation by counsel and requires the sentence be vacated.

This identical issue was considered in *People* v. *Dye* (1967), 6 Mich App 217. For the reasons set forth in that opinion we hereby order that the sentence of the trial court herein be vacated and remand this cause for imposition of sentence with defendant's counsel present.

QUINN, P. J., and FITZGERALD, J., concurred.