PEOPLE *v.* LOTT.

OPINION OF THE COURT.

1. CRIMINAL LAW—PLEA OF GUILTY—COURT RULES.

Plea of guilty to crime of statutory rape *held,* properly accepted where records of arraignment at which defendant pleaded not guilty and supplemental arraignment at which he changed his plea to guilty while represented by a lawyer show that the court rule then in effect was complied with fully (CLS 1961, § 750.520; Court Rule No 35A [1945]).

2. SAME—PLEA OF GUILTY—VIOLATION OF PROBATION—DUE PROCESS —RIGHT TO COUNSEL.

Counsel must be provided to all defendants desiring it at a probation revocation proceeding that includes sentencing.

3. SAME—SENTENCE—DUE PROCESS—RIGHT TO COUNSEL.

The presence of counsel is required, in the absence of a waiver, at the sentencing stage of a criminal proceeding.

4. SAME—VIOLATION OF PROBATION—SENTENCE—DUE PROCESS— RIGHT TO COUNSEL.

There is a right to have counsel present if defendant is sentenced on the charge from which a violation of the probation resulted.

CONCURRING OPINION.

QUINN, J.

5. CRIMINAL LAW—PROBATION REVOCATION—RIGHT TO COUNSEL.

*Combined revocation of probation and sentencing proceeding at which accused was denied counsel should be vacated both as to revocation and sentencing and remanded for new proceeding with counsel, unless there is intelligent and understanding waiver.*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
  Plea of guilty without advice of counsel, 149 ALR 1403.
[2, 4, 5] 21 Am Jur 2d, Criminal Law § 568.
[3] 21 Am Jur 2d, Criminal Law § 529.

Appeal from Ionia, Bebeau (Leo B.), J. Submitted Division 3 March 5, 1968, at Grand Rapids. (Docket No. 3,658.) Decided June 26, 1968.

Roger M. Lott was convicted on his plea of guilty of violation of his probation on an original conviction for statutory rape, and was sentenced on the rape charge to 7-1/2 to 15 years in prison. Defendant appeals. Conviction for probation violation affirmed but sentence vacated.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Walter M. Marks,* Prosecuting Attorney, for the people.

*Roger M. Lott, in propria persona.*

HOLBROOK, P. J. Represented by a retained attorney, defendant was arraigned on a charge of statutory rape[1] in the Ionia circuit court on October 3, 1961. Following a reading of the information a plea of not guilty was entered and trial set for the next term of court. On December 7, 1961, defendant again appeared before the court with his attorney and changed his plea to guilty. The plea was accepted and defendant on December 19, 1961, was placed on 3 years probation.

On June 20, 1962, a bench warrant was issued charging defendant with violation of probation for contributing to the delinquency of a 15 year old girl. At a probation revocation and sentencing proceeding on July 6, 1962, defendant appeared in court without an attorney, admitted the probation violation, and was sentenced to a prison term of 7-1/2 to 15 years. Although not indigent, defendant has prepared all of his post conviction pleadings. Habeas

---

[1] CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788).

corpus was denied defendant by the Michigan Supreme Court on January 20, 1964, and January 4, 1965, and certiorari was denied by the United States Supreme Court on October 18, 1965. *Lott* v. *Michigan,* 382 US 879 (86 S Ct 164, 15 L Ed 2d 120).

Defendant sought a writ of habeas corpus in this Court in 1966 (also treated as an application for delayed appeal) which was denied on May 26, 1966. Defendant also filed a delayed motion to set aside his plea of guilty in the Ionia circuit court, which motion was denied on April 11, 1966. Because defendant had not in his previous appeals raised issues relating to the lower court's acceptance of his guilty plea and the lower court's failure to grant his request for counsel at the probation revocation and sentencing proceeding, defendant's application for delayed appeal was granted by this Court on July 10, 1967.

On appeal defendant asserts that his guilty plea was not accepted in conformity with Court Rule No 35A (1945), now GCR 1963, 785.3. Our review of defendant's arraignment, and supplemental arraignment at which the guilty plea was accepted, shows full compliance with the applicable court rule.

At the probation revocation and sentencing proceeding, defendant asked "to see an attorney." In response, the court explained that a probation violation was not of the same nature as a criminal charge. Without making further references to counsel, defendant admitted the violation as charged after which the court immediately sentenced defendant. The lower court's failure to grant his request to see an attorney is asserted by defendant as a violation of his constitutional right to counsel.

The recent United States Supreme Court case of *Mempa* v. *Rhay* (1967), 389 US 128 (88 S Ct 254, 19 L Ed 2d 336), dealt with "the question of the extent of the right to counsel at the time of sentencing where the sentencing has been deferred subject to

probation." On taking note of the critical nature of sentencing in a criminal case, the Supreme Court decided that *counsel must be afforded at a probation revocation proceeding which includes sentencing.*

We find the *Mempa Case* to be decisive herein. Defendant Lott requested counsel, and while the lower court's explanation refusing defendant's request may have been correct as to a revocation of probation proceeding,[2] *Mempa* requires counsel at a combined probation revocation and sentencing proceeding such as took place in the instant case unless presence of counsel is intelligently and understandingly waived. Furthermore, *Mempa* is consistent with our decision of *People* v. *Dye* (1967), 6 Mich App 217, requiring the presence of counsel, absent waiver, at the sentencing stage of a criminal proceeding. Also, see *People* v. *Jones* (1967), 6 Mich App 221; *People* v. *Theodorou* (1968), 10 Mich App 409.

The plea of guilty was properly accepted. The judgment of sentence is vacated and the cause remanded for further proceedings consistent with this opinion.

McINTYRE, J., concurred with HOLBROOK, P. J.

QUINN, J. (*concurring*). Because of the decision in *Mempa, supra,* I vote to remand to the trial court for rehearing of the revocation of probation proceedings and resentencing with counsel present, unless intelligently and understandingly waived.

---

[2] *People* v. *Wood* (1966), 2 Mich App 342 and cases cited therein.