PEOPLE *v.* KLINE.

1. CRIMINAL LAW—CONSTITUTIONAL LAW—ASSISTANCE OF COUNSEL— SENTENCING.

> Sentencing of a convicted criminal defendant is a critical state in a criminal prosecution at which defendant has a constitutional right to assistance of counsel.

2. SAME—ASSISTANCE OF COUNSEL—SENTENCING—WAIVER.

> Defendant, convicted of breaking and entering a dwelling house with intent to commit larceny, was entitled to assistance of counsel at sentencing and neither the failure of defendant to object to the absence of counsel nor an attempt by defense counsel to waive the right for the defendant operated as a waiver of his constitutional right (CL 1948, § 750.110 as amended by PA 1964, No 133).

Appeal from Missaukee, Peterson (William R.), J. Submitted Division 3 October 8, 1968, at Grand Rapids. (Docket No. 3,949.) Decided October 22, 1968.

John F. Kline was convicted of breaking and entering a dwelling house with intent to commit larceny. Defendant appeals. Remanded for re-sentencing.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 313 *et seq.*
 Absence of counsel for accused at time of sentence as requiring vacation thereof or other relief, 21 ALR2d 1240.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gary C. Hoffman,* Prosecuting Attorney, for the people.

*Hoffman, McDonald & Hoffman,* for defendant.

Per Curiam. The defendant was tried by a jury and convicted of the crime of breaking and entering a dwelling house with intent to commit larceny (CL 1948, § 750.110 as amended by PA 1964, No 133 [Stat Ann 1968 Cum Supp § 28.305]). The defendant was sentenced to three to ten years in prison on June 9, 1965. At the time of sentencing the defendant's attorney was not present. On a motion to vacate the judgment and sentence on May 10, 1967, the lower court denied the motion, ruling that counsel could and did waive defendant's right to have counsel present at the sentencing.

This Court in *People* v. *Dye* (1967), 6 Mich App 217, adopted the view almost unanimously held by the Federal courts that the constitutional right to assistance of counsel includes the sentencing stage of a criminal prosecution. The Court said at p 221:

"We conclude that the sentencing is a critical stage of a criminal proceeding, and absent waiver, counsel's presence is required".

See also *People* v. *Jones* (1967), 6 Mich App 221.

It is clear from the sentencing transcript that the defendant himself did not waive the right to counsel's presence. The waiver of a right to be represented by counsel may not be implied by silence or by failure to object to proceeding without counsel's presence. Counsel for the defendant did not have the right to waive this constitutional right of the defendant in his absence, particularly since it was

the right to have counsel present that was in fact the right said to have been waived.

We make no determination upon the other questions raised herein.

This cause is remanded to the trial court for setting aside of the sentence imposed and resentencing of the defendant in the presence of counsel.

We retain no further jurisdiction in this cause.

LESINSKI, C. J., and FITZGERALD and TEMPLIN, JJ., concurred.