PEOPLE *v.* MARSHALL

CRIMINAL LAW—SENTENCE—DUE PROCESS—RIGHT TO COUNSEL.
At a hearing resulting in probation revocation and sentencing, counsel must be provided for defendant unless he intelligently waives counsel for the hearing.

Appeal from Allegan, Chester A. Ray, J. Submitted Division 3 February 10, 1969, at Grand Rapids. (Docket No. 4,567.) Decided March 26, 1969.

Gordon Donald Marshall's probation was revoked and he was sentenced for uttering and publishing. Defendant appeals. Reversed and remanded.

*Lester J. Tooman,* for defendant on appeal.

BEFORE: LEVIN, P. J., and HOLBROOK and DANHOF, JJ.

PER CURIAM. At defendant's probation hearing held on August 21, 1967, probation was revoked and he was sentenced to prison.*

Counsel was not offered defendant at the hearing nor was counsel waived by him.

---

* The offense herein was uttering and publishing, CL 1948, § 750-.249. (Stat Ann 1962 Rev § 28.446) providing for a maximum sentence of 14 years.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 309–317.

Since the ruling in *Mempa* v. *Rhay* (1967), 389 US 128 (88 S Ct 254, 19 L Ed 2d 336) a defendant must be afforded counsel at a hearing resulting in probation revocation and sentence. See *McConnell* v. *Rhay* (1968), 393 US 2 (89 S Ct 32, 21 L Ed 2d 2), *People* v. *Lott* (1968), 12 Mich App 123, *People* v. *Hernandez* (1968), 14 Mich App 741, and *People* v. *Dye* (1967), 6 Mich App 217.

Defendant's sentence is set aside and the cause is remanded to the trial court for probation violation hearing with counsel present, unless defendant intelligently waives counsel for such hearing.