George Billie SMITH, Appellee,

v.

Sherman H. CROUSE, Warden, Appellant.

No. 62–69.

United States Court of Appeals Tenth Circuit.

June 30, 1969.

Edward G. Collister, Jr., Asst. Atty. Gen. (Kent Frizzel, Atty. Gen., State of Kansas, on the brief), for appellant.

Jim Lawing, Wichita, Kan., for appellee.

Before BREITENSTEIN, HILL and HOLLOWAY, Circuit Judges.

PER CURIAM.

This appeal involves a habeas corpus proceeding where appellee was granted an evidentiary hearing and relief from a Kansas life sentence. The District Court found the conviction valid in the 1962 Kansas case where the life sentence was imposed. However, the sentence was entered under an habitual criminal statute on proof including prior Oklahoma convictions which were found invalid. The judgment below therefore afforded the Kansas authorities an opportunity to resentence appellee without consideration of these prior convictions, or failing this a release.

The Kansas statute under which the life sentence was imposed in 1962 is the Kansas Habitual Criminal Act, K.S.A. 21–107a. It permits a sentence of 15 years or more on conviction for a third time of a felony. The 1962 case otherwise carried a 5 to 10 year sentence for second burglary and larceny. To invoke the recidivist statute two prior Oklahoma felony convictions and one prior Kansas felony conviction were proved. The Kansas conviction was held valid. The two Oklahoma convictions were held void for lack of counsel. On this appeal only one ruling is questioned, that holding a 1934 Oklahoma conviction for robbery with firearms invalid under Federal constitutional standards. Appellant concedes that appellee has no remedy in the State Court in Kansas to challenge the 1934 Oklahoma conviction.

The record shows that appellee's 1934 Oklahoma conviction was entered on a plea of guilty. He had no counsel. The District Court found that there was no valid waiver by appellee of his constitutional right to counsel and concluded that the conviction was invalid in view of the decision in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and similar rulings. Appellant urges two grounds for reversal: (1) that the trial court failed to observe the requirement that appellee had the burden of proving the lack of waiver in the habeas corpus proceeding; and (2) that, in any event, the finding that waiver did not occur was clearly erroneous. We conclude that neither contention supports a reversal and affirm.

■ Appellant's first contention lacks support in the record. The trial court made a careful analysis of the evidence and authorities in its Memorandum and Order and its Supplemental Opinion, expressing the firm conviction that the required intelligent and understanding waiver of counsel did not occur. A petitioner collaterally attacking a conviction does generally bear the burden of proof that waiver did not occur. See Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461 (1938); and Panagos v. United States, 324 F.2d 764 (10th Cir. 1963). While under the circumstances of this case we doubt that the burden remained with appellee,[1] in any event his evidence was ample to satisfy the burden of proving that waiver did not occur and of supporting such a finding. See Browning v. Crouse, 356 F.2d 178 (10th Cir. 1966), cert. denied, 384 U.S. 973, 86 S.Ct. 1864, 16 L.Ed.2d 683 (1966); and Berryhill v. Page, 349 F.2d 984 (10th Cir. 1965). Moreover the trial court's memoranda show no error on the proof required and such error is not presumed. Junghans v. Junghans, 72 App.D.C. 129, 112 F.2d 212 (1940).

■ Secondly, appellant urges that the trial court's finding on the waiver issue is clearly erroneous. We are referred to appellee's statements in the evidentiary hearing below that at the time of the 1934 case in Oklahoma he had some money,[2] and knew he could employ counsel but wasn't wanting one. However, mere knowledge of the right to counsel does not establish its intentional abandonment. In re Gault, 387 U.S. 1, 41–42, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The proof before the trial court was that appellee was 18 at the time of the 1934 case and had a third grade education. A mediocre educational background is revealed by his unschooled expressions. The offense charged carried punishment ranging from 5 years imprisonment to a death sentence. See 21 Okl.St.Ann. § 801. Appellee received a 15 year sentence.

The judgment in the 1934 case shows no appearance of counsel. Appellee testified that he had none and that there was no discussion concerning legal counsel in court. His proof was undisputed. Thus, as in *Gault* appellee was without counsel and was not confronted with the need for specific consideration whether he chose to waive his constitutional right to counsel. See In re Gault, supra at 42, 87 S.Ct. 1428, and Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

■ The determination whether there has been an understanding and intelligent waiver of counsel depends on the facts and circumstances involved including the background, experience and conduct of a defendant. Johnson v. Zerbst, supra. Due regard must be given to the opportunity of the trial court to

---

1. Where the record shows no discussion or offer of counsel by the court, it appears that the State bears the burden of proving waiver of counsel. See United States ex rel. Ackerman v. Russell, 388 F.2d 21, 24 (3d Cir. 1968).

2. Appellee testified that the money was taken from him when he was arrested and later returned. The amount of it was not developed.

observe appellee's testimony. Glens Falls Insurance Co. v. Newton Lumber & Manufacturing Co., 388 F.2d 66, 70 (10th Cir. 1967). We conclude that the finding that an understanding and intelligent waiver of appellee's constitutional right did not occur is not clearly erroneous and may not be set aside. Rule 52(a) F.R.Civ.P.; Linebarger v. State of Oklahoma, 404 F.2d 1092 (10th Cir. 1968).

Affirmed.