Dayton J. BELGARDE, Petitioner-Appellee,

v.

John W. TURNER, Warden, Utah State Prison, Respondent-Appellant.

No. 557-69.

United States Court of Appeals, Tenth Circuit.

Feb. 19, 1970.

---

**1396**

Ronald J. Greenhalgh, Salt Lake City, Utah (Vernon B. Romney, Atty. Gen., and Lauren N. Beasley, Asst. Atty. Gen., on the brief), for appellant.

D. M. Amoss, Salt Lake City, Utah (Ray G. Groussman, Salt Lake City, Utah, on the brief), for appellee.

Before PICKETT, Senior Circuit Judge, and LEWIS and HICKEY, Circuit Judges.

PER CURIAM.

▋ This is an appeal from an order of the United States District Court for the District of Utah, Central Division, conditionally granting a writ of habeas corpus freeing Belgarde, a state prisoner, from the custody of the appellant warden. Appellee was incarcerated pursuant to a sentence imposed by the state court after entry of a plea of guilty to second-degree (nighttime) burglary. The premise of the trial court's order was a finding that appellee had not voluntarily entered his plea with an understanding of the nature of the charge. *See* Berryhill v. Page, 10 Cir., 349 F.2d 984. Appellant contends that in so doing the trial court erroneously applied the standard of Fed.R.Crim.P. 11 retroactively to state court procedures. From our examination of the record and the trial court's memorandum decision, 307 F.Supp. 936, we conclude that the contention is without merit.

▋ Under the penal code of Utah applicable at the time appellee entered his plea (1961), second-degree (nighttime) burglary was punishable by an indeterminate sentence of one to twenty years; third-degree (daytime) burglary carried an indeterminate sentence of from six months to three years. Utah Code Ann. §§ 76-9-4, -6 (1953). Night-

time was defined as the "period of time between sunset and sunrise." Utah Code Ann. § 76-9-7 (1953). As appears from the colloquy between the sentencing court and appellee, appearing without counsel, a clear explanation of the difference between these two offenses was essential to an understanding of the exact nature of the charge because of the peculiar circumstances there revealed. The appellee indicated that the offense occurred at about 5:30 a.m., in the "early morning" when the "sun was just coming up." The full significance of these statements is considered at length in the trial court's opinion together with other aspects of the case. We affirm, essentially for the reasons stated in that opinion.