**Charles M. SERVISS, Appellant,**

v.

**R. I. MOSELEY, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 553–69.**

United States Court of Appeals, Tenth Circuit.

Aug. 20, 1970.

**1288**

Maron L. Moses, Jr., Denver, Colo., for appellant.

Richard L. Meyer, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., with him on the brief), for appellee.

Before LEWIS, Chief Judge, JOHN R. BROWN, Chief Judge*, and SETH, Circuit Judge.

PER CURIAM.

This is an appeal from a denial of appellant's petition for a writ of habeas corpus by the United States District Court for the District of Kansas after an evidentiary hearing.

In 1959 the appellant pled guilty to two counts of interstate transportation of forged securities and was sentenced to two concurrent ten year terms. On June 1, 1965, appellant received a mandatory release. One of the conditions of the mandatory release was that appellant report to his parole officer every thirty days. In January 1968 appellant made his report; the next report, which appellant failed to make, was due in February 1968. On January 29, 1968, the Missouri State authorities charged appellant with the crime of stealing by deceit. At about this same time appellant's parole officer was given information to the effect that appellant was unaccountably absent from home and employment. On the basis of this information and appellant's failure to report, the parole officer applied for a mandatory release violator's warrant on February 15, 1968, and it was granted.

Appellant, on February 15, 1968, was depressed by the fact that charges had been placed against him and by the possibility of his parole being revoked to the point that he took a quantity of pills in an attempt to commit suicide. He was hospitalized for a short time at a mental facility and released with the expectation by the hospital that he would be on outpatient status.

On February 16, 1968, the day he was released from the hospital, appellant called the parole officer and arrangements were made for him to surrender himself on the same day. Later that day the appellant did surrender himself and was taken into federal custody.

An issue of refusal to permit appellant to consult with an attorney was considered by the trial court at the hearing, and the court found that the appellant had requested permission on February 16, 1968, to consult with his attorney, who was representing him in a workmen's compensation case. The court also found that the appellant made similar requests on February 17 and 18, and that appellant's attorney had attempted to see him on the 20th, but was refused permission by the officers where appellant was being held. Appellant was seen by his attorney on the 21st.

The affidavit of appellant's attorney introduced at the hearing before the trial court states that he did not "counsel" with appellant until February 21, 1968; that he had attempted to see him on the 20th but was refused admittance, and " * * * that since it was necessary for this affiant to counsel with Charles M. Serviss regarding his Workmen's Compensation claim, a letter was mailed to Charles M. Serviss in the Jackson County jail * * * on February 20, 1968." The letter so sent was attached to the affidavit, and it refers only to the workmen's compensation claim then in process and some deed forms for his house. The letter closes with the following sentence:

"I am enclosing an envelope stamped for your immediate reply and although I will be coming up the confusion to-

* Of the Fifth Circuit, sitting by designation.

day makes me wonder about our jail. I was there at 9:30 and they said they had some distrubance [sic] and said come back in an hour or hour and half. Then at 11 they said I could not get in at all."

Appellant consulted with his attorney on the 21st after he had executed the waiver described below and before his execution of a second waiver at Leavenworth. The record does not show any objections at that time by the attorney or the appellant to the proceedings.

On February 19, 1968, at Kansas City the appellant executed an Attorney-Witness Election form waiving his right to a local parole revocation hearing and electing instead to have a hearing upon his return to a federal institution. The appellant also checked a space on the form indicating that he admitted a violation of one or more of the conditions of his mandatory release. Upon his arrival at Leavenworth the appellant signed another Attorney-Witness Election form whereby he waived representation by counsel and testimony of witnesses at his revocation hearing. Following this, appellant's mandatory release was revoked. Some considerable time later the State charges were dropped.

In his petition for a writ of habeas corpus the appellant alleged that he was mentally incompetent to waive his rights to a local revocation hearing and representation by an attorney, and to admit to violations of the conditions of his release. He also alleged that he had signed the Attorney-Witness Election form on the parole officer's representation that he would be sent to the federal hospital at Springfield, Missouri, rather than to the penitentiary at Leavenworth.

The only issue properly before this court is whether the appellant voluntarily, knowingly, and intelligently admitted to violations of the conditions of his mandatory release and waived his statutory rights to representation by counsel and a local revocation hearing.

The district court found, after an extensive evidentiary hearing, that the appellant was advised of all of his constitutional, statutory, and administrative rights prior to his signing the Attorney-Witness Election form, and that appellant knowingly and intelligently waived his right to a local revocation hearing, representation by counsel, and knowingly and intelligently admitted violation of the conditions of his mandatory release. Contrary to appellant's contentions, the district court also found that the appellant was "not so physiologically disabled or mentally disturbed as to not be able to understand the nature of the proceedings against him or the explanation of his rights in regard to such proceeding * * *." The proceedings conform to the tests laid down in Earnest v. Willingham, 406 F.2d 681 (10th Cir.), and in Cotner v. United States, 409 F.2d 853 (10th Cir.).

We have reviewed the entire record in this matter and conclude that the district court's findings are supported by the evidence and are not clearly erroneous. Wellnitz v. Page, 420 F.2d 935 (10th Cir.); Smith v. Crouse, 413 F.2d 979 (10th Cir.); Linebarger v. State of Oklahoma, 404 F.2d 1092 (10th Cir.).

Appellant's other contentions have been considered and found to be without merit.

Affirmed.