**Everett TUCKER, Petitioner-Appellant,**

v.

**Park J. ANDERSON, Warden, Oklahoma State Penitentiary, McAlester, Oklahoma, Respondent-Appellee.**

No. 72–1588.

United States Court of Appeals, Tenth Circuit.

July 23, 1973.

Arthur L. Fine, Denver, Colo., for petitioner-appellant.

Paul Crowe, Asst. Atty. Gen., Oklahoma City, Okl., for respondent-appellee.

Before BREITENSTEIN and DOYLE, Circuit Judges, and KERR, District Judge.

KERR, District Judge.

Appellant, Tucker, appeals from the dismissal of his petition for a Writ of Habeas Corpus by the United States District Court for the Northern District of Oklahoma.

Tucker alleged he was denied the right of counsel and was coerced into pleading guilty. He first sought relief in state courts, where one evidentiary hearing was held, but was denied relief in all cases. Having exhausted his state remedies, Tucker filed his petition in federal court, which also denied relief without affording appellant an evidentiary hearing.

The basis of Tucker's petition stems from his conviction and sentencing for murder in 1935. Tucker, then nineteen years of age, and his brother were charged with first degree murder of Betty Stewart. They were brought before the Justice of the Peace and according to a brief statement found in the "Record of Proceedings" waived their rights to a preliminary hearing. Two days later they appeared in District Court, without counsel, after having allegedly waived their right to counsel, and pled guilty to first degree murder. Appellant was then sentenced to life in prison.

The central issue which arises is whether Tucker intelligently waived his right to counsel. The record in the state court evidentiary hearing on Tucker's habeas application shows that he was brought before a Justice of the Peace and "after complaint had been read and [his] rights explained to [him] [he] waived preliminary hearing, and [was] committed to the Osage County jail to await trial". Two days later he was arraigned in state district court. A clerk's minute entry shows that he said he did not have an attorney, did not desire one, and pled guilty to murder. At the state post conviction hearing, Tucker was the only witness. He testified that he had not been advised by the district court of his right to counsel and was not aware of that right. He admitted saying that he did not desire an attorney. When questioned about the proceedings before the Justice of the Peace, he said that he did remember having been taken before a Justice of the Peace. This court has previously stated ". . . the record must *plainly* show that the accused was offered the assistance of counsel but intelligently and understandingly rejected the offer." Berryhill v. Page, 349 F.2d 984 (10th Cir. 1965) (Emphasis supplied). Furthermore, the United States Supreme Court has held that a court may not presume waiver of counsel from a silent record and evidence must be produced to prove the accused waived his right intelligently and understandingly. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). The notation in the record of the Justice of the Peace court that Tucker was advised of his "rights" is insufficient. Browning v. Crouse, 356 F.2d 178, 180, cert. denied 384 U.S. 973, 86 S.Ct. 1864, 16 L.Ed.2d 683.

It is requisite for this court to view the special circumstances which existed when appellant allegedly waived his right to counsel. As previously stated, Tucker was nineteen years old, with only a second grade education. He was unable to either read or write. Having never been in trouble prior to the arrest

for murder, Tucker was totally unfamiliar with the law and courts. Facts such as these led this court in the case of Cordova v. Cox, 351 F.2d 269 (10th Cir. 1965), to hold that Cordova had sustained his burden of proving his plea of guilty was not made intelligently and understandingly and further that he had established a prima facie case.

The most controlling authority in this matter is the case of Berryhill v. Page, supra. The facts in that case so closely parallel the case now before this court, that little more can be added. Although Berryhill was about forty at the time he pled guilty in 1940, the fact Tucker was only nineteen when he pled guilty lends even more credence to the fact he did not intelligently waive his right to counsel. See also Lesley v. State of Oklahoma, 407 F.2d 543 (10th Cir. 1969).

This court has also kept in mind that a presumption against valid waiver arises where a defendant appears in court without counsel. Humphries v. State of Oklahoma, 373 F.2d 200 (10th Cir. 1967).

The federal court held no evidentiary hearing in this matter and said that the file and transcript of the state post conviction proceedings sustained the findings and conclusions of the state court. We disagree. That record contains no facts to support either the findings or the conclusions that Tucker intelligently and voluntarily waived his right to counsel.

It might be well to note that notwithstanding the clear import of the law, this court is reluctant to reverse the lower court since appellant chose to wait thirty-six years to raise the issue when all who were involved, including his brother, were deceased, and we recognize the great responsibilities and hardship placed on the state courts to hear such matters after so many years have passed. Another factor which has troubled the court was that Tucker, after having been free some fourteen years, raised the issue only after he returned to prison for parole violation.

Since the law pertaining to this matter is so absolute, the order dismissing the petition for Writ of Habeas Corpus is reversed and the cause is remanded to the United States District Court with directions that the case be held in abeyance for a period of ninety days from the date of the issuance of the Mandate. If within that time the state takes corrective measures that protect the appellant's constitutional rights, the petition for Writ of Habeas Corpus shall be dismissed. If the state does not take such measures, the appellant shall be released at the end of ninety days.