**Orval Dean WILEY, Petitioner,**

v.

**Park J. ANDERSON, Warden, Oklahoma State Penitentiary, Respondent.**

Civ. No. 73–221.

United States District Court,
E. D. Oklahoma,
Civil Division.

Dec. 26, 1973.

Orval Dean Wiley, pro se.

Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

The Petitioner herein seeks a writ of habeas corpus discharging him from the custody of the Respondent because of an alleged invalidity of his conviction in the District Court of Pittsburg County, State of Oklahoma, in Case No. F–71–274. The Petitioner was charged in the District Court of Pittsburg County with the crime of arson in the second degree and attempted escape. The Petitioner pled guilty to both charges and punishment was fixed at ten years imprisonment for his conviction of arson in the second degree and two years imprisonment for his conviction for attempted escape. No appeal was perfected from either sentence, but Petitioner subsequently filed an application for post conviction relief in Pittsburg County alleging that counsel should have been supplied to the Petitioner in the criminal action. The District Court of Pittsburg County by a Memorandum Decision found that the Petitioner had waived his right to counsel. The Petitioner appealed to the Court of Criminal Appeals of the State of Oklahoma which affirmed the lower court's decision. The Petitioner, in bringing this writ, states that he could not intelligently waive counsel without the aid or advice of counsel.

The Respondent, through the Attorney General of the State of Oklahoma, has filed a Response and attached thereto Amendment A, Judgment and Sentence on Plea of Guilty; Attachment B, Memorandum Decision of the District Court of Pittsburg County denying relief; Attachment C, Order of Oklahoma Court of Criminal Appeals affirming the District Court's decision; Attachment D, Transcript of proceedings in the District

Court at the time of plea of guilty; and Attachment E, Summary of Facts signed by the Petitioner.

The question of whether the Petitioner waived counsel was answered by the District Court of Pittsburg County and the Court of Criminal Appeals of the State of Oklahoma in the affirmative and we see no reason to disagree. There is no question that the defendant in a criminal case is entitled to counsel unless it is intelligently and understandingly waived. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed. 2d 70 (1962). To discharge the duty of determining whether the Petitioner waived counsel intelligently and competently, a judge must investigate as long and thoroughly as the circumstances demand. Spanbauer v. Burke, 374 F.2d 67 (Seventh Cir. 1966). Unlike the facts in Carnley v. Cochran, *supra,* the record here is not silent. In the case before the Court at this time, the record plainly shows that the Petitioner was offered assistance of counsel but intelligently and understandingly rejected the offer. See Berryhill v. Page, 349 F.2d 984 (Tenth Cir. 1965). The Petitioner was an inmate in the State Penitentiary at McAlester, Oklahoma, held for other charges not involved herein and the transcript of the record indicates that he had been personally advised by the Special Judge as to his rights and waived an attorney before the Special Judge before appearing before the District Court at the time of plea, and the District Court again personally advised the Petitioner of his right to an attorney and that if he was unable to employ one, the Court would appoint one. The Petitioner was also advised of the charges against him and the penalties involved and the Petitioner waived his right to counsel and pled guilty. The Petitioner signed a Summary of Facts in which he stated that he did not have an attorney, understood that the Court would appoint an attorney if he was unable to employ one and that he did not want an attorney, either of his choice or by appointment. On similar facts the

waiver of counsel was upheld in Sandoval v. Tinsley, 338 F.2d 48 (Tenth Cir. 1964). Where, as here, the trial court has repeatedly advised the defendant of his right to an attorney, and that one will be appointed by the Court if necessary, and he repeatedly and specifically declines the right, the constitutional safeguards have been satisfied. United States v. Ramsdell, 458 F.2d 161 (Tenth Cir. 1972). It is obvious that the Petitioner intelligently and understandingly waived his right to counsel after being offered counsel by two Judges.

It is, therefore, by the court ordered that the writ is denied and this action is dismissed.