STATE of Iowa, Appellee,

v.

**Edward Eugene NELSON, Appellant.**

No. 87–348.

Supreme Court of Iowa.

Jan. 25, 1989.

Charles L. Harrington, Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., James Smith, Co. Atty., and Nan Horvat, Asst. Co. Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, CARTER and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Defendant Edward Eugene Nelson appeals from his convictions of assault without intent to inflict serious injury but resulting in bodily injury in violation of Iowa Code sections 708.1(1) and 708.2(2), and willful injury in violation of Iowa Code section 708.4 (1985). At the time of his arrest, defendant was a juvenile. He con-

tends the trial court erred in admitting in evidence certain inculpatory statements over his objection that his waiver of right to counsel was invalid. The appeal was transferred to the court of appeals, which reversed and remanded the case for a new trial. We granted the State's application for further review and now vacate the decision of the court of appeals and affirm the judgment of the trial court.

I. *Background facts and proceedings.* On the night of July 25, 1986, three teenage girls became lost as they were driving to a friend's house on the near north side of Des Moines. They stopped and asked directions from two young men on the street. Those two individuals were defendant and a companion, Damon Willis.

All three girls were seated in the front seat of the car. Defendant and Willis told the girls that they could not tell them how to get to the location the girls were seeking. They did tell the girls, however, that they could show them how to get there. Without permission, the two males then entered the back seat of the car. Defendant sat immediately behind the driver.

The driver initially followed the directions she received from her uninvited passengers. After she was directed to turn down an alley, defendant produced a knife and held it to the driver's throat demanding that she stop the car and shut off the lights.

Once the car was stopped, the girl seated closest to the passenger door wrestled herself from Willis' grasp and bolted from the car screaming. Willis ran after her. A short distance away she was caught by Willis and severely sexually abused.

At the same time, defendant was involved in an altercation with the remaining two girls who also attempted to flee. In the course of this conflict, defendant stabbed one girl in the shoulder and stabbed the other through her hand. Defendant then fled the scene on foot.

Both defendant and Willis were apprehended later that evening and taken to the Des Moines police station where they were confined in a juvenile holding cell. At the time, defendant was seventeen and Damon Willis fourteen years of age.

At approximately 7:00 the following morning, defendant was joined by both of his parents at the police station where he was questioned by Des Moines police officer Barbara Dennis. Officer Dennis began the interview by advising defendant, in the presence of his parents, of his *Miranda* rights. *See Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 706 (1966). Officer Dennis then gave defendant and his parents copies of a document entitled "Juvenile Waiver and Parental Consent" from which she read aloud as the others followed. The document provided:

### YOUR RIGHTS

(The following shall be read to the child and the child shall read it before signing the waiver). The child shall be asked if he has any questions concerning these rights.

1. You have the right to remain silent. (This means you do not have to say anything).

2. Anything you say may be used against you in a court of law. This warning includes the adult criminal court in the event the Juvenile Court waives its jurisdiction over this matter.

3. You have the right to talk to a lawyer and have the lawyer present with you while you are being questioned. (This means that a lawyer can be with you at all times and the lawyer may be with you and advise you during questioning).

4. If you want a lawyer and you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning. (This means the cost of having a lawyer will be paid by someone else if you cannot pay for it).

5. *Without your parent's agreement, you cannot give up your right to have a lawyer with you and advise you during questioning. Your parents must agree in writing.*

6. You can refuse to answer any and all questions at any time, or choose at any

time to have a lawyer with you during further questioning. (Do you have any questions)?

(Emphasis added.)

Defendant indicated that he had completed the ninth grade, understood his *Miranda* rights, and knowingly and voluntarily would waive his rights and talk to officer Dennis. Defendant signed the document on a line following a "Waiver of Rights" provision. Defendant's mother, after reading the form and indicating that she understood it, signed the form following a "Consent of Parent" provision and allowed her son to talk with officer Dennis.

Officer Dennis, following the same procedures and utilizing the same form, also later obtained a signed waiver of rights from Damon Willis with the written consent of Willis' mother.

In the discussion that followed defendant's waiver of rights, defendant, in the presence of both his parents, admitted his involvement in the offenses.

A juvenile petition was filed alleging defendant committed delinquent acts. Iowa Code §§ 232.35, 232.36. Jurisdiction in the matter was waived by the juvenile court. Iowa Code § 232.45. Thereafter, a trial information was filed charging defendant with the crimes of 1) assault with intent to inflict serious injury, and 2) willful injury.

Defendant filed a pretrial motion to suppress his inculpatory statements. Iowa R.Crim.P. 10(2)(c). The motion was overruled. Defendant's admissions were later allowed in evidence over his objection at the joint criminal trial of defendant and Willis.

Defendant appealed his convictions and sentence, contending that his statements to officer Dennis should have been suppressed. The case was transferred to the court of appeals. Defendant argued that because he was a juvenile, Iowa Code section 232.11(2) required that officer Dennis inform his parents of their right to confer with him prior to his making any statement under a valid waiver of rights. The court of appeals agreed, finding the State failed to comply with section 232.11(2), and reversed the district court judgment.

We granted the State's application for further review.

II. *Waiver of right to counsel by a juvenile.* Defendant challenges the validity of his waiver of his right to counsel on statutory rather than constitutional grounds.

Our juvenile code "implements and goes beyond the constitutional right to counsel provided for juveniles by explaining the stages of proceedings when a child may be represented, the effect of denial of the right to counsel on statements offered in evidence, and the specific methods by which police officers may obtain a waiver of the child's right to counsel." *State v. Walker,* 352 N.W.2d 239, 241 (Iowa 1984). Under the juvenile code, a child is a person under eighteen years of age. Iowa Code § 232.2(5) (1985).

A juvenile's right to assistance of counsel in criminal proceedings is established by Iowa Code section 232.11(1)(a) which in part provides:

> A child shall have the right to be represented by counsel ... [f]rom the time the child is taken into custody for any alleged delinquent act that constitutes a serious or aggravated misdemeanor or felony under the Iowa criminal code, and during any questioning thereafter by a peace officer or probation officer.

Assault with intent to inflict serious injury upon another is an aggravated misdemeanor. Iowa Code § 708.2(1). Willful injury is a felony offense. Iowa Code § 708.4.

Formerly, the code provided that no juvenile could waive his or her right to counsel in such proceedings without the written consent of the juvenile's parent, guardian or custodian. *See* Iowa Code § 232.11(2) (1981). Section 232.11(2) has since been amended to allow children sixteen years of age or older, under certain circumstances, to waive representation by legal counsel without parental consent. *See* 1982 Iowa Acts ch. 1209 § 2. Section 232.11(2), as now amended, provides in part:

The child's right to be represented by counsel under subsection 1, paragraph "a" shall not be waived by a child less than sixteen years of age without the written consent of the child's parent, guardian, or custodian. The waiver by a child who is at least sixteen years of age is valid only if a good faith effort has been made to notify the child's parent, guardian, or custodian that the child has been taken into custody and of the alleged delinquent act for which the child has been taken into custody, the location of the child, and the right of the parent, guardian, or custodian to visit and confer with the child.

Iowa Code § 232.11(2) (1985).

■ A statement obtained from a juvenile without a valid waiver of counsel under section 232.11(2) is *per se* inadmissible in evidence in district court proceedings by operation of Iowa Code section 232.45(9). *In re J.A.N.*, 346 N.W.2d 495, 498 (Iowa 1984).

Defendant was age seventeen at the time of his arrest and interrogation. On appeal he claims that, despite the fact that his parents were present throughout the interview and his mother consented in writing to his waiver of rights, the interrogating officer failed to make a good faith effort to notify his parents of their right to visit and confer with defendant; thus, the inculpatory statements defendant made during the interview were erroneously admitted into evidence by the trial court.

This court has recognized that "painstaking care must be taken to obtain parental consent before questioning a juvenile. The child can be expected to rely on the judgment of the consenting parent." *In re J.A.N.*, 346 N.W.2d at 499. For the juvenile who is younger than sixteen years of age, the legislature has continued to require the full protection of the former provisions of section 232.11(2) by mandating that a waiver of counsel by such a child alone is *per se* invalid. *Walker*, 352 N.W. 2d at 242.

As for the juvenile who is sixteen or more years of age, the legislature has provided that such a child alone, in certain circumstances, can validly waive his or her right to counsel. No less care may be taken with respect to waivers by these juveniles, however, because they are only valid where the authorities have made a good faith effort to comply with the four-part notification requirements of section 232.11(2). *Walker*, 352 N.W.2d at 242.

In *Walker*, officers obtained an uncounseled waiver of rights and confession to a crime from a seventeen-year-old boy. We held the waiver of rights was invalid where the boy's mother was unavailable, and his father was contacted by the police by telephone but not notified of the charges against his son or that he had a right to visit and confer with his son. *Id.* at 243. We recognized the importance of adequate notification, stating:

> In enacting [Iowa Code section 232.-11(2)], our legislature apparently believed that each part of the four part message would tend to impress upon a parent the importance of going to the side of the child and giving the child parental advice.... We will not dilute the contents of that statutory message in circumstances like those confronting defendant and his father in this case.

*Id.* at 242–43.

In *In re D.J.K.*, 397 N.W.2d 707, 710 (Iowa 1986), we reaffirmed the importance of our "strict adherence" to the notification requirements of section 232.11(2). In *D.J.K.*, the sixteen-year-old defendant, Danny, was brought to the police station for questioning by his foster mother. Upon their arrival, Danny was removed from the presence of his foster mother and separately placed in custody. He was then advised of his rights and interrogated. We held the subsequent waiver and confession procured from Danny were invalid as violative of his rights under section 232.11(2), concluding:

> It is precisely this tactic of separating the juvenile from the person upon whom he would rely for advice that the statute is designed to guard against. Not only did the officer fail to notify Danny's parent, guardian or custodian of their right to visit and confer with him once he was

in custody, he deliberately discouraged Danny's closest caretaker, his foster mother of five years, from being at his side during the questioning.

*Id.* at 711.

 As these cases illustrate, under Iowa Code section 232.11(2), an uncounseled waiver of rights can be validly procured from a juvenile only after a good faith effort has been made to convey to the parents the importance of their presence as the juvenile is being questioned.

 Viewed in this light, we find defendant's claims under the statute to be without merit. Unlike the circumstances in *Walker* and *D.J.K.,* defendant here was accompanied by both of his parents during the time he was advised of his rights, while he read and executed the waiver form, and throughout the entire interview and questioning.

Defendant was, in fact, afforded more protection than was minimally due under section 232.11(2). Apparently, the waiver form officer Dennis read and defendant signed was designed for juveniles under the age of sixteen because one section of the waiver, emphasized above, provided the waiver was invalid without parental agreement. In compliance with this provision, officer Dennis obtained defendant's mother's written consent. *Cf. Walker,* 352 N.W.2d at 243, (where a waiver form containing a similar provision was signed by the juvenile but no parental consent was provided).

Notwithstanding parental consent, defendant contends that mechanical compliance with notice provisions of section 232.-11(2) is necessary in order to procure a valid waiver of rights from a juvenile sixteen years of age or older. As this case illustrates, however, such a construction of section 232.11(2) would accord more protection to older juveniles and less protection to younger, more vulnerable juveniles. Here, like Nelson, co-defendant Damon Willis executed a waiver of rights to which his mother consented in writing. Under section 232.11(2), Willis, who at the time was under sixteen years of age, was entitled to no other statutory protection concerning waiver of counsel. Defendant claims in oral argument on appeal that he was entitled to this protection as well as the notification of his parents of their right to confer with him. We do not believe such an incongruous result was intended by the legislature. *See Cole v. State,* 374 N.W.2d 901, 902 (Iowa 1985) ("the goal in construing statutes is to ascertain legislative intent. . . . The spirit of the statute must be considered as well as the words. . . . A sensible, workable, practical and logical construction should be given. . . . [A]bsurdity should be avoided.").

We believe officer Dennis substantially complied with section 232.11(2), and defendant's waiver of rights was therefore valid. Defendant was not questioned outside of the presence of his parents. *Cf. In re D.J.K.,* 397 N.W.2d at 711. Defendant's parents were informed of his arrest, his location, the charges against him, and were present at his side able to provide parental advice while defendant was informed of his rights and questioned. *See Walker,* 352 N.W.2d at 242. Lastly, officer Dennis obtained the written consent of defendant's mother before questioning defendant, a consent upon which defendant could be expected to rely. *See In re J.A.N.,* 346 N.W. 2d at 499.

III. *Disposition.* Section 232.11(2) provides that a juvenile may waive his or her right to counsel. If the juvenile is under the age of sixteen, such a waiver is valid only with the written consent of his or her parent, guardian or custodian. If the juvenile is sixteen years of age or older, a valid waiver of rights may be obtained without parental consent if law enforcement authorities have made a good faith effort and substantially complied with requirements that they notify the juvenile's parents, guardian or custodian of the information described by section 232.11(2).

Finding defendant's waiver of rights was made in the presence of his parents and with his mother's written consent, we hold the trial court correctly admitted defendant's inculpatory statements in evidence at trial. We therefore vacate the decision of

the court of appeals and affirm the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.