The Honorable Elizabeth Carleen 22nd Judicial District Judge P.O. Box 86 Marysville, Kansas 66508
Dear Judge Carleen:
You request our opinion whether a juvenile can waive the right to counsel and tender a no contest plea under the juvenile offenders code. K.S.A. 38-1606(a) provides, as follows:
 "(a) A juvenile charged under this code is entitled to have the assistance of an attorney at every stage of the proceedings. If the juvenile appears before any court without an attorney, the court shall inform the juvenile and the juvenile's parents of the right to employ an attorney. Upon failure to retain an attorney, the court shall appoint an attorney to represent the juvenile. The expense of the appointed attorney may be assessed to the juvenile or parent, or both, as part of the expenses of the case."
K.S.A. 38-1633(a) provides, as follows:
 "(a) When the respondent appears in response to a complaint without an attorney, the court shall inform the respondent of the following:
"(1) The nature of the charges in the complaint;
 "(2) The right to hire an attorney of the respondent's own choice;
 "(3) The duty of the court to appoint an attorney for the respondent if no attorney is hired by the respondent or parent; and
 "(4) That the court may require the respondent or parents to pay the expense of a court appointed attorney.
 "Upon request the court shall give the respondent or parent an opportunity to hire an attorney. If no request is made or the respondent or parents are financially unable to hire an attorney, the court shall forthwith appoint an attorney for the respondent. The court shall afford the respondent an opportunity to consult with the attorney before requiring the respondent to plead to the allegations of the complaint."
 In re Gault, 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428 (1967) concluded that the due process clause of the fourteenth amendment requires that in delinquency proceedings the juvenile and the parents must be notified of the juvenile's right to be represented by retained counsel or if they are unable to afford counsel, that counsel will be appointed to represent the juvenile. However, the court acknowledged that the juvenile has a right to waive counsel.
 "They (the parents and the juvenile) had a right expressly to be advised that they might retain counsel and to be confronted with the need for specific consideration of whether they did or did not choose to waive the right. If they were unable to afford to employ counsel, they were entitled in view of the seriousness of the charge and the potential commitment, to appoint counsel, unless they chose waiver." 18 L.Ed.2d at p. 554.
While the Kansas appellate courts have not decided this issue, numerous courts in other jurisdictions have concluded that a juvenile may waive his or her right to counsel at any point in a delinquency proceeding:McLemore v. Cubley, 569 F.2d 940 (5th Cir. 1978), In the Interest of D,245 So.2d 273 (Fla. 1971), People v. Richardson, 253 N.E.2d 420 (Ill. 1969), In the Interest of M, 252 A.2d 237 (N.J. Super 1969), Huff v.People, 302 N.W.2d 779 (N.D. 1981), State v. Nelson, 435 N.W.2d 344 (Iowa 1989). Consequently, it is our opinion that a juvenile may waive the right to counsel provided it is a knowing and intelligent waiver based upon a totality of the circumstances. Smith v. Crouse, 413 F.2d 979, 980
(10th Cir. 1969). Those circumstances may include the age of the juvenile, education, prior criminal experience, mental state, financial condition, and a consideration of any possible pressures or inducements which might have lead the juvenile to admit the allegations without the assistance of counsel. Phillips v. Smith, 300 F. Supp. 130 (S.D.Ga. 1969), People v. Dillinger, 73 Cal.Rptr. 720 (1968), People v. Kitley,228 N.W.2d 834 (Mich. 1975), State, ex rel. Byrns v. Goldman,302 N.Y.S.2d 926 (1969).
Summarizing, it is our opinion that a juvenile may waive the right to counsel provided that it is a knowing and intelligent waiver based upon a totality of the circumstances.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm