PEOPLE *v.* HERNANDEZ

CRIMINAL LAW—DUE PROCESS—RIGHT TO ASSISTANCE OF COUNSEL—
REVOCATION OF PROBATION.
> Due process requires that a person who was convicted of a crime
> and placed on probation be represented by counsel at all hear-
> ings regarding the revocation of such probation which includes
> sentencing, unless defendant intelligently waives the assistance
> of counsel.

Appeal from Saginaw, Borchard (Fred J.), J.
Submitted Division 3 December 3, 1968, at Lansing.
(Docket No. 5,033.)   Decided December 19, 1968.

` Patrick John Hernandez was convicted of carrying
a concealed weapon without a license and was placed
on probation. Subsequently, defendant was found
to have violated the terms of his probation and was
sentenced to prison. Defendant appeals. Sentence
vacated and cause remanded.

*Maurice Black,* for defendant on appeal.

PER CURIAM. September 21, 1967, after a proba-
tion violation hearing, defendant's probation was
revoked and he was sentenced to prison. Defend-
ant was not represented by counsel· at the revoca-
tion hearing; he was not advised of his right to
counsel; nor was it determined whether or not

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 309, 313, 316, 568.

defendant desired counsel. On September 21, 1967, the law did not require that defendant be represented by counsel at a probation violation hearing nor that he be advised of his right to counsel. On the basis of *Mempa* v. *Rhay* (1967), 389 US 128 (88 S Ct 254, 19 L Ed 2d 336), defendant appeals and attacks the validity of the probation revocation and sentence.

*Mempa, supra,* was decided November 13, 1967, and it established that counsel must be afforded at a revocation-of-probation hearing that includes sentencing. *McConnell* v. *Rhay* (1968) 393 US 2 (89 S Ct 32, 21 L Ed 2d 2), decided October 14, 1968, made the *Mempa* doctrine retroactive.

Defendant's sentence is vacated and the cause is remanded to the trial court for a probation violation hearing with counsel present, unless defendant intelligently waives counsel for such hearing.

T. G. KAVANAGH, P. J., and QUINN and MILLER, JJ., concurred.