PEOPLE v KITLEY

OPINION OF THE COURT

1. CONSTITUTIONAL LAW—CRIMINAL LAW—RIGHT TO COUNSEL—
    WAIVER—FUNDAMENTAL RIGHTS—INTENTIONAL RELINQUISH-
    MENT—PRESUMPTIONS AGAINST WAIVER.

    Waiver is the intentional relinquishment or abandonment of a
    known right, and there is a strong presumption against a
    waiver of fundamental rights by an accused which requires a
    court to indulge every reasonable presumption against a waiver
    of the right to counsel and to test whether there has been an
    intelligent and knowing waiver by the facts and circumstances
    of the particular case.

2. CONSTITUTIONAL LAW—CRIMINAL LAW—RIGHT TO COUNSEL—PRO-
    BATION REVOCATION—KNOWING AND INTELLIGENT WAIVER—AD-
    VISING OF RIGHTS.

    A defendant at a probation revocation proceeding at which he is
    given no advice at all regarding his right to counsel cannot
    make a knowing and intelligent waiver of that right.

3. CONSTITUTIONAL LAW—CRIMINAL LAW—RIGHT TO COUNSEL—KNOW-
    ING AND INTELLIGENT WAIVER—RELEVANT FACTORS.

    Factors to be considered when deciding whether a defendant has
    made a knowing and intelligent waiver of his right to counsel
    are defendant's age, education, prior criminal experience, men-
    tal state, financial condition, and the various factors, pressures
    or inducements which led him to admit the allegations against
    him without the assistance of counsel.

4. CONSTITUTIONAL LAW—CRIMINAL LAW—RIGHT TO COUNSEL—KNOW-
    ING AND INTELLIGENT WAIVER—RELEVANT FACTORS—VOLUNTAR-
    INESS.

    A youthful defendant's age, lack of a high-school diploma, the
    short period of time between execution of a writ of habeas
    corpus and a probation revocation hearing, as well as the
    seriousness of the charge and the focus of the trial court on

REFERENCE FOR POINTS IN HEADNOTES
[1–5] 21 Am Jur 2d, Criminal Law § 312 *et seq.*

whether the defendant wanted counsel rather than his right to counsel are factors which weigh heavily against a finding of voluntariness of a waiver of defendant's right to counsel and the total circumstances of the case lead to a showing that the defendant failed to make a knowing and intelligent waiver of his right to counsel.

CONCURRENCE BY N. J. KAUFMAN, J.

5. CONSTITUTIONAL LAW—CRIMINAL LAW—RIGHT TO COUNSEL—VIOLATION OF PROBATION HEARING—INDIGENCY.

A trial judge should go into the question of indigency when a defendant, who is asked if he wishes an attorney in connection with a matter of violation of probation, responds that he doesn't know; and if the defendant is found indigent, an attorney should be appointed for him.

Appeal from Hillsdale, Kenneth G. Prettie, J. Submitted Division 2 January 13, 1975, at Grand Rapids. (Docket No. 19130.) Decided February 24, 1975.

David Kitley was found to have violated an order of probation to which he had been previously sentenced for a conviction of unlawfully driving away an automobile. Defendant appeals. Order revoking defendant's probation vacated and the case remanded for rehearing.

Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General, Lawrence L. Hayes, Prosecuting Attorney (Prosecuting Attorneys Appellate Service, Edward R. Wilson, Director, by Howard C. Marderosian, of counsel), for the people.

Charles G. Gibbons, for defendant on appeal.

Before: ALLEN, P. J., and KAUFMAN and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ALLEN, P. J. On November 30, 1973, the trial court found that defendant had violated an order of probation to which he had been previously sentenced for a conviction of unlawfully driving away an automobile, MCLA 750.413; MSA 28.645. On the same day, the trial court sentenced defendant to 2-1/2 to 5 years in prison.

The sole question on appeal was whether or not defendant knowingly and intelligently waived his right to be represented by counsel at his probation-revocation proceeding. Both parties agree that a probationer at a revocation proceeding has the right to counsel. *Mempa v Rhay,* 389 US 128; 88 S Ct 254; 19 L Ed 2d 336 (1967). See also *People v Marshall,* 16 Mich App 578; 168 NW2d 480 (1969). The trial court had the duty to advise defendant of his right to be represented by counsel, either appointed or retained. *People v Brown,* 17 Mich App 396; 169 NW2d 522 (1969). It is our duty to determine whether the trial court properly apprised defendant of his right to counsel and whether defendant made a knowing and intelligent waiver thereof.

On November 20, 1972, defendant pled guilty to unlawfully driving away an automobile. MCLA 750.413; MSA 28.645. At the time of his plea, defendant was 17 years old and was represented by appointed counsel. On December 11, 1972, defendant received a sentence of 18 months probation, with the first 90 days to be served in the county jail. Also, defendant was assessed $150 costs.

On November 6, 1973, defendant pled guilty to using a motor vehicle without authority but without intent to steal, contrary to MCLA 750.414; MSA 28.646. This plea was taken in the Livingston County Circuit Court. On November 23, 1973, a

probation agent of the Hillsdale County Circuit
Court petitioned for a bench warrant and proba-
tion violation hearing on the grounds that defend-
ant had pled guilty to the above offense and that
he had failed to pay the costs previously assessed.
The trial court signed an order for a writ of
habeas corpus, and defendant was ordered to ap-
pear at the probation revocation hearing.

The probation revocation hearing was held No-
vember 30, 1973. Portions of the proceedings rele-
vant to the problem at hand are reprinted below:

"The Court: * * * I advise you that you are entitled
to a hearing on this matter and, just as you were when
you were first before the court, we appointed an attor-
ney at substantial expense to the county, to represent
you. If you want a hearing and if you are without funds
with which to employ an attorney, we will appoint one
for you.

"On the other hand, if you want an attorney and you
have or can obtain the funds for an attorney, we will
give you an opportunity for a hearing at a later date.

"Do you wish an attorney in connection with this
matter of violation of probation?

*"Defendant Kitley:* I don't know. The judge in this
other county—"

Defendant then tried to explain what had occurred
in Livingston County, and said that while he was
present while a companion had "hot-wired the
car", defendant lacked intent to steal the car. The
trial judge asked defendant if he was currently
serving a sentence in Livingston County. Defend-
ant replied that he was, and acknowledged the fact
that he had failed to pay the costs on the grounds
that someone in the probation department had
"okayed it". The trial court then said:

"Number one, I am concerned with whether you want

an attorney to assist you in this probation violation charge or whether you do not."

Defendant replied, "I don't believe so". The court then questioned defendant as to his participation in the other offense and his failure to pay the costs, and then sentenced defendant to 2-1/2 to 5 years in prison. On December 26, 1973, the trial court denied defendant's motion for a rehearing.

It was said in *People v McKinley,* 383 Mich 529, 536; 176 NW2d 406 (1970), that "waiver, as that term has been repeatedly defined by this Court, is the intentional relinquishment or abandonment of a known right". *McKinley* noted the provision arising out of *Johnson v Zerbst,* 304 US 458, 464; 58 S Ct 1019, 1023; 82 L Ed 1461 (1938), that the court is to "indulge every reasonable presumption against waiver of constitutional rights", and that the issue "of whether there has been an intelligent and knowing waiver must depend upon the facts and circumstances of each particular case". *McKinley, supra* at 536. See also *People v Carlton Brown,* 23 Mich App 528, 538; 179 NW2d 58 (1970), *lv den,* 383 Mich 800 (1970), which noted "a strong presumption is raised against a waiver of fundamental rights by an accused".

It has been held that defendant did not make a knowing and intelligent waiver of his right to counsel where he was given no advice at all regarding his right to counsel at a probation-revocation proceeding. *People v Coffman,* 83 Ill App 2d 272; 227 NE2d 108, 109 (1967), involved a situation in which the trial court failed to provide defendant with any advice regarding his right to counsel, and merely asked whether defendant wanted a hearing and whether the allegations in the notice of probation violation were true. See also *People v Hernandez,* 14 Mich App 741; 166 NW2d 58 (1968), involv-

ing a similar absence of advice. Although there was some advice given in our case, we must determine whether defendant's waiver was knowing and intelligent.

Factors to be considered when deciding whether defendant had made a knowing waiver of his right to counsel are defendant's age, education, prior criminal experience, mental state, financial condition, and the various factors, pressures or inducements which led him to admit the allegations against him without the assistance of counsel. Anno: *What constitutes waiver of right to counsel by minor accused,* 71 ALR2d 1160, 1162, footnote 2.

At the time of his first guilty plea, defendant was 17 years old, and was obviously no more than 18 at the time of the probation-revocation hearing. The record reveals that defendant was unemployed, and that he did not have a high-school diploma. The order for writ of habeas corpus was signed November 27, 1973, and the revocation hearing was held November 30, 1973, only three days later. During the proceedings, the trial judge noted that at defendant's previous court appearance, "we appointed an attorney at substantial expense to the county", a statement which perhaps conveyed to defendant that his right to counsel was not absolute and that it was in fact a burden on the county.

While the instant factual situation was not as severe as that found in *Moore v Michigan,* 355 US 155; 78 S Ct 191; 2 L Ed 2d 167 (1957), we find that case to be of some assistance to our problem. The 17-year-old frightened defendant in that case was held not to have made a knowing and effective waiver of his right to counsel where it appeared

that mob violence was imminent due to the emotional nature of the offense involved and where defendant had expressed his desire to "get the case over with" so that he may be transported from Kalamazoo as soon as possible. In the course of its holding, the court noted that a finding against an intelligent waiver was "fortified by the inferences which may be drawn from the age" of defendant. 355 US 155, 164–165; 78 S Ct 191, 197; 2 L Ed 2d 167, 174.

In the case before us, defendant replied "I don't know", when asked whether he wanted an attorney, and then attempted to explain what had occurred in Livingston County and offered a reason for his failure to pay the costs arising out of the first prosecution. The trial court never specifically said that defendant had a right to counsel, either retained or appointed if defendant was indigent, and couched its statements in terms of whether defendant wanted an attorney. *Moore* noted that the trial judge asked defendant whether he had an attorney or whether he wanted to have an attorney present. There was no specific advice as to defendant's right to counsel. *Moore, supra,* 355 US 155, 157–158; 78 S Ct 191, 193; 2 L Ed 2d 167.

We find that the total circumstances in this case, especially defendant's initial response to the trial court's question as to whether defendant wanted counsel, show that defendant failed to make a knowing and intelligent waiver of his right to counsel. US Const, Am VI; Const 1963, art 1, § 20, and MCLA 763.1; MSA 28.854. Defendant's age, lack of a high-school diploma, and the short period of time between the execution of the writ of habeas corpus and the probation-revocation hearing, and the seriousness of the charge are factors

weighing on the side of an involuntary waiver.[1] Also, the trial court seemed to focus more on whether defendant wanted counsel rather than advising defendant of his right to counsel.

The order revoking defendant's probation is set aside, his sentence is vacated, and this case is remanded to circuit court for a proper hearing in accordance with the above opinion.

O'HARA, J., concurred.

N. J. KAUFMAN, J. *(concurring).* I concur. The facts as outlined by the Honorable GLENN S. ALLEN do not need repeating. They speak for themselves. At the hearing for violation of probation, as stated in Judge ALLEN's opinion, the court said:

" * * * I advise you that you are entitled to a hearing on this matter and, just as you were when you were first before the Court, we appointed an attorney at substantial expense to the county, to represent you. If you want a hearing and if you are without funds with which to employ an attorney, we will appoint one for you.

"On the other hand, if you want an attorney and you have or can obtain the funds for an attorney, we will give you an opportunity for a hearing at a later date.

"Do you wish an attorney in connection with this matter of violation of probation?"

The defendant responded, "I don't know. The judge in this other county—". At that time the judge should have gone into the question of indigency and if defendant was indigent, an attorney should have been appointed.

---

[1] However, our review of the record has disclosed that Sheriff Edward A. Webb served defendant with a copy of the petition and notice of charges, required by MCLA 771.4; MSA 28.1134, on November 29, 1973, one day before the hearing.