PEOPLE v GORZEN

Docket No. 64611. Submitted April 6, 1983, at Lansing.—Decided June 8, 1983.

Defendant, Greg Gorzen, pled guilty in the Jackson Circuit Court to breaking and entering an occupied dwelling and to violating the terms of his probation which had been imposed following a prior conviction for breaking and entering an occupied dwelling. The trial court, Charles J. Falahee, J., sentenced defendant to 3 to 15 years imprisonment for the breaking and entering concurrent with a sentence of 2-1/2 years to 15 years imprisonment resulting from the probation violation. Defendant appeals alleging, first, that he must be resentenced because his retained · counsel at sentencing had previously been an assistant prosecuting attorney who appeared against defendant in the cases involved in this appeal and, second, that his conviction for the probation violation should be reversed because he was not advised at the guilty plea proceeding thereon of the maximum possible sentence for the underlying conviction of breaking and entering an occupied dwelling. *Held:*

1. Defendant was not prejudiced by the representation he received at sentencing and hence a remand for resentencing is unnecessary. Retained counsel's representation of defendant inured to the benefit of the defendant, not to defendant's detriment.

2. The trial court's failure to advise defendant of the maximum sentence for the underlying conviction at the probation revocation hearing constituted reversible error. The sentence for probation violation is reversed and remanded to the trial court to permit the defendant an opportunity to withdraw his plea thereto.

Affirmed in part, reversed in part, and remanded.

References for Points in Headnotes

[1] 7 Am Jur 2d, Attorneys at Law § 189.

[2] 21 Am Jur 2d, Criminal Law §§ 472, 476, 578, 579.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

1. APPEAL — ATTORNEY AND CLIENT.

    The Court of Appeals need not remand for resentencing in an action where a defendant contends on appeal that he must be resentenced because his retained counsel at sentencing had previously been an assistant prosecuting attorney who appeared against the defendant in the cases resulting in such sentencing where the facts indicate that the defendant was not prejudiced by such representation.

2. APPEAL — PROBATION REVOCATION — MAXIMUM SENTENCE — GUILTY PLEAS — COURT RULES.

    A trial court's failure to advise a defendant at a probation revocation hearing of the maximum sentence applicable to the underlying conviction is reversible error; before a court may accept a plea of guilty to a probation violation it must personally advise the probationer of the maximum possible sentence for the offense that led to probation (GCR 1963, 791.5[b][2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *Brian E. Thiede,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *P. E. Bennett),* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and HOOD and T. M. GREEN,* JJ.

PER CURIAM. This appeal arises out of defendant's conviction and sentence for one count of breaking and entering an occupied dwelling, MCL 750.110; MSA 28.305, and a probation revocation hearing stemming from an additional breaking and entering of an occupied dwelling, MCL 750.110; MSA 28.305, at a different time and place than the other.

    Initially, defendant contends he must be resentenced because his counsel at sentencing had previously been an assistant prosecuting attorney who

—————————————

* Circuit judge, sitting on the Court of Appeals by assignment.

appeared against defendant in the cases involved in the instant appeal. We disagree.

Our review of the record reveals that defendant was not prejudiced by the representation he received at sentencing and hence a remand for resentencing is unnecessary. Not only was counsel retained by defendant to appear at sentencing but defendant was aware of the fact that retained counsel had previously been actively engaged as an assistant prosecutor in such cases. At the time of defendant's sentencing his counsel was in private practice. Additionally, counsel's only contact with the case as defendant's representative was as defense counsel retained for the purpose of sentencing only. Moreover, our review of the record indicates that retained counsel's representation of defendant at sentencing inured to the benefit of the defendant, not to defendant's detriment. The court stated at the sentencing:

"I would like to say, Mr. Gorzen, I had in mind of giving you quite a bit more time than that, *but my conferences with your lawyer,* and various recommendations you've got, I did lower the minimum considerably from what I had in mind." (Emphasis added.)

If anyone suffered as a result of retained counsel's representation of defendant at sentencing it was the people, not the defendant. It appears defendant simply wants another bite at the apple.

Lastly, defendant contends his conviction for probation violation should be reversed because he was not advised at the guilty plea proceeding thereon of the maximum possible sentence for the offense upon which he was being sentenced. We agree. GCR 1963, 791.5(b)(2) provides as follows:

"(b) Before the court accepts a guilty plea, it shall,

speaking directly to the probationer and receiving the probationer's response,

\* \* \*

"(2) *personally advise the probationer of the maximum possible sentence for the offense that led to probation;"* (Emphasis added.)

While we are unaware of any decision by this Court interpreting the aforesaid provision, we have every reason to believe that the Supreme Court would apply the same rule thereto as it has for a violation of GCR 1963, 785.7(1)(b). See *People v Beaty,* 400 Mich 813; 282 NW2d 921 (1977). Accordingly, we hold that failure of the trial court to advise defendant of the maximum sentence for the underlying conviction at the probation revocation hearing constitutes reversible error. *Beaty, supra.*

Hence, defendant's sentence upon his guilty plea for breaking and entering is affirmed and his sentence for probation violation is reversed and remanded to the trial court to permit defendant an opportunity to withdraw his plea thereto.

Affirmed in part, reversed in part, and remanded.