PEOPLE v ALAME

Docket No. 68476. Submitted September 7, 1983, at Detroit.—Decided
October 12, 1983. Leave to appeal applied for.

Anthony M. Alame was convicted of breaking and entering an
unoccupied dwelling and placed on probation, Monroe Circuit
Court. He was then charged with breaking the terms of his
probation. At a hearing, defendant waived his right to counsel,
pled guilty, and was convicted, Daniel L. Sullivan, J. Defendant
appealed. *Held:*

It is especially important that trial courts, in instances where
a defendant waives his right to be represented by counsel,
comply with the mandates of the court rule regarding plea
taking in probation violation cases. The court failed to advise
defendant that he had a right to a contested hearing and that
by pleading guilty he was waiving that right, failed to inform
defendant what the maximum possible sentence was, and failed
to establish a factual basis for the guilty plea.

Reversed and remanded to allow defendant to withdraw his
plea.

CRIMINAL LAW — PROBATION VIOLATION — GUILTY PLEAS — COURT
RULES.

Failure to advise a defendant who is pleading guilty to a proba-
tion violation what maximum possible sentence he might re-
ceive or that he has a right to a hearing and that by pleading
guilty he is giving up his right to a hearing requires reversal of
the defendant's probation violation conviction, as does the
court's failure to establish factual support for a finding that the
probationer is guilty of the violation charged (GCR 1963,
791.2[b], 791.5, subds [b][1], [b][2], [b][4]).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Michael W. LaBeau,*
Prosecuting Attorney, and *Lawrence J. VanWassh-*

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 578, 579.

*enova,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson),* for defendant on appeal.

Before: Hood, P.J., and J. H. Gillis and R. M. Maher, JJ.

Per Curiam. This is an appeal as of right from defendant's guilty plea to a violation of probation.

Defendant originally pled guilty to breaking and entering an unoccupied building, MCL 750.110; MSA 28.305. The trial court sentenced defendant to four years probation, the first year to be served in the county jail on weekends.

On August 21, 1981, the circuit court signed an order for a bench warrant and probation violation hearing based upon defendant's probation officer's August 10, 1981, petition. In that petition, the probation officer alleged that defendant violated his probation by (1) failing to report to the Probation Department on April 28, 1981, and (2) failing to report to the county jail on weekends beginning May 11, 1981.

The original arraignment and hearing on the probation violation was postponed because defendant was an inmate of a federal prison. The trial court held the arraignment on the probation violation on September 8, 1982, at which defendant waived his right to counsel, pled guilty to the probation violations, and was sentenced to 5 to 10 years in prison. The entire proceeding at the arraignment is set forth below:

"Wednesday, September 8, 1982—3:07 p.m.
"(Court, Probation Officer, and defendant present)
*"The Court:* People versus Anthony Milton Alame.

"*Mr. Varsogea:* Same situation here, your Honor, this is the time set for arraignment on violation of probation of Mr. Alame.

"*The Court:* All right, Mr. Alame, do you have an attorney?

"*Mr. Alame:* No, your Honor.

"*The Court:* Do you intend to hire an attorney?

"*Mr. Alame:* No, your Honor.

"*The Court:* I beg your pardon?

"*Mr. Alame:* No.

"*The Court:* Do you wish to have an attorney appointed for you?

"*Mr. Alame:* No, your Honor.

"*The Court:* Do you understand that if you are unable to hire an attorney that an attorney will be appointed for you at public expense?

"*Mr. Alame:* Yes.

"*The Court:* But, you do not wish to request a court appointed attorney?

"*Mr. Alame:* No, your Honor.

"*The Court:* All right, Mr. Varsogea.

"*Mr. Varsogea:* Well, first of all, Mr. Alame has been apprised of the allegations against him. We have two criminal allegations as stated in the petition for the bench warrant. I would like to add one today, also.

"The first one alleges that the probationer's *[sic]* violated condition number four of his order of probation in that he has failed to report to the Probation Department since April 28th of 1981.

"*The Court:* All right, have you received the copy of the petition that's been filed by the Probation Department?

"*Mr. Alame:* No, your Honor.

"*Mr. Varsogea:* We explained it to him, your Honor, we only had one copy, so we—

"*The Court:* Do you wish to read that petition or do you wish to have it read?

"*Mr. Alame:* Yes, your Honor.

"*The Court:* We'll pass the matter for the time being.

"(Proceedings recalled; at 3:45 p.m.:

"(Court, Probation Officer, and defendant present)

*"The Court:* People versus Anthony Milton Alame.

"Yes, Mr. Varsogea.

*"Mr. Varsogea:* We have gone over the allegations and Mr. Alame has read through all of them.

*"The Court:* All right, how do you wish to plead, Mr. Alame?

*"Mr. Alame:* Guilty.

*"The Court:* To all the charges contained in the petition?

*"Mr. Alame:* Yes, your Honor.

*"The Court:* All right. I think I inquired before, you do not wish an attorney appointed and you realized an attorney would be appointed for you at public expense if you requested one.

*"Mr. Alame:* Yes, your Honor.

*"The Court:* All right, your plea of guilty is accepted."

Defendant argues in this appeal that the trial court erred by accepting defendant's probation violation guilty plea without first complying with GCR 1963, 791.

We disagree with several of defendant's arguments. First, although the trial court did not specifically state to defendant that he had a right to counsel, the court did adequately inform defendant of this right in other language to insure that defendant did knowingly and voluntarily waive that right. GCR 1963, 791.2(c). Second, although the defendant did not receive notice of his probation violation before the arraignment, the trial court did assure that the probationer received that notice at the arraignment by adjourning proceedings so defendant could have the opportunity to read the petition and order. GCR 1963, 791.2(a).

However, we do agree that the trial court erred by failing to comply with other provisions of GCR 1963, 791. The trial court did not advise defendant of the maximum possible sentence he might re-

ceive as a result of his plea, as required by GCR 1963, 791.5(b)(2). This Court recently held that such a failure mandates reversal. *People v Gorzen*, 126 Mich App 464; 337 NW2d 359 (1983). See, also, LEVIN, J., concurring in *People v Rial*, 399 Mich 431, 442; 249 NW2d 114 (1976).

Moreover, the trial court did not adequately advise the defendant of his right to a hearing, GCR 1963, 791.2(b), or advise defendant that he was giving up his right to a contested hearing before accepting defendant's plea. GCR 1963, 791.5(b)(1). See, also, *People v Moore*, 121 Mich App 452; 328 NW2d 662 (1982). Where, as in this case, a defendant waives his or her right to be represented by counsel, we deem it especially important that the trial courts comply with the mandates of GCR 1963, 791.

Finally, we find that the record shows that the trial court did not "establish support for a finding that the probationer is guilty of the violation charged", GCR 1963, 791.5(b)(4). In fact, the trial court did not make any finding at all but simply accepted defendant's plea without even stating the charges on the record.

While we do not hold that GCR 1963, 791 requires rigid, unwavering, ceremonial incantation of its provisions under peril of mandatory reversal, we do hold that failure to follow the clear mandates of the rule, as in this case, cannot produce an understanding, knowing, or voluntary plea.

We have examined defendant's remaining issue on appeal and find it to be without merit.

Reversed and remanded to permit defendant an opportunity to withdraw his plea.