PEOPLE v ISON

Docket No. 62066. Submitted June 9, 1983, at Lansing.—Decided
February 7, 1984.

Edward P. Ison pled guilty in Ontonagon Circuit Court to a
charge of assault with intent to commit second-degree criminal
sexual conduct and was sentenced to five years probation, the
first six months of which were to be spent in the county jail,
Donald L. Munro, J. On two occasions, defendant was found to
have violated the terms of his probation, but each time defen-
dant was resentenced to probation under the original terms
and conditions. Subsequently, defendant was charged with five
counts of probation violation and was found guilty of three
counts. Defendant was sentenced to imprisonment for 2-1/2 to 5
years, Donald L. Munro, J. Defendant appeals. *Held:*

1. Defendant's argument that a condition of probation forbid-
ding him from leaving the state without the consent of the
court violates the Fourteenth Amendment right to travel is
rejected. A criminal conviction constitutionally deprives the
defendant of much of his liberty; while convicts retain some
constitutional rights, those rights are subject to restrictions
imposed by the nature of the regime to which they have been
lawfully committed. Further, defendant's argument that the
condition at issue was unconstitutionally vague is without
merit. Defendant's conviction of parole violation as to this
charge is upheld.

2. The evidence was insufficient to sustain defendant's convic-
tion on a count of aiding and abetting juvenile runaways.
Defendant's conviction on that count is reversed.

3. Defendant's conviction of parole violation on a charge of

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 570.
  Propriety of conditioning probation on defendant's not entering
    specified geographical area. 28 ALR4th 725.
[2-4] 21 Am Jur 2d, Criminal Law § 579.
[4] Right to notice and hearing before revocation of suspension of
    sentence, parole, conditional pardon, or probation. 29 ALR2d
    1074.
[5, 6] 21 Am Jur 2d, Criminal Law § 167.
[7] 21 Am Jur 2d, Criminal Law § 471.

fishing without a license is reversed because no evidence relevant to the charge was introduced.

4. Defendant's argument that his presentence report should not have been prepared by the probation officer who testified is rejected. Defendant's rights were adequately safeguarded by the requirement that he be afforded an opportunity to explain or controvert any allegation contained in the report and by the requirement that defendant and his counsel be afforded an opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence.

5. The case is remanded to the trial court for resentencing because defendant's convictions on two of the three counts at issue have been reversed for insufficiency of evidence and because it is impossible to tell from the record the extent to which the sentence imposed reflected defendant's convictions on those two counts.

Affirmed in part, reversed in part, and remanded.

1. CRIMINAL LAW — PROBATION — CONSTITUTIONAL RIGHTS — RIGHT TO TRAVEL.

A probationer retains only those rights which are consistent with his probationary status; therefore, the imposition of a condition of probation restricting the probationer's right to travel may be imposed without violating the Fourteenth Amendment right to travel (US Const, Am XIV).

2. CRIMINAL LAW — PROBATION VIOLATION — BURDEN OF PROOF — RULES OF EVIDENCE — COURT RULES.

The prosecution bears the burden of establishing a probation violation by a preponderance of the evidence; the rules of evidence other than those concerning privileges do not apply to a probation revocation proceeding (GCR 1963, 791.4[c]).

3. CRIMINAL LAW — PROBATION VIOLATION — EVIDENCE.

Evidence is sufficient to sustain a conviction of probation violation if, viewed in the light most favorable to the prosecution, it would enable a rational trier of fact to conclude that the essential elements of the charge were proven by a preponderance of the evidence.

4. CRIMINAL LAW — PROBATION VIOLATION — NOTICE OF CHARGES.

A defendant charged with probation violation is entitled to written notice of the charges against him; probation may not be revoked for uncharged conduct.

5. Criminal Law — Aiding and Abetting.

An aider and abettor is one who encourages, counsels, or assists another in the commission of a crime with the intention of rendering such help and with knowledge that a criminal act is contemplated.

6. Criminal Law — Juveniles — Runaways — Aiding and Abetting — Harboring a Juvenile.

An essential element of the crime of aiding and abetting or harboring a runaway juvenile is an intent to encourage, counsel, or assist the juvenile in evading lawful custody; mere knowledge that a person aided is a juvenile runaway is insufficient, otherwise the statute would make innocent acts of charity criminal (MCL 722.151; MSA 25.264[1]).

7. Criminal Law — Probation Violation — Guilty Pleas — Court Rules.

The requirements of the court rule dealing with guilty pleas to probation violations must be met even when the defendant seeks to plead guilty to less than all of the counts pending against him; while not every deviation from the rule requires reversal, a record sufficient to show that the defendant made the plea in an understanding, voluntary, and knowing manner must be made (GCR 1963, 791.5).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Roy D. Gotham,* Prosecuting Attorney, and *Mary C. Smith,* Assistant Attorney General, for the people.

State Appellate Defender (by *Sheila N. Robertson),* for defendant on appeal.

Before: Danhof, C.J., and Allen and K. N. Hansen,* JJ.

Per Curiam. Defendant pled guilty to assault with intent to commit second-degree criminal sexual conduct, MCL 750.520g(2); MSA 28.788(7)(2), and was sentenced to five years of probation, the first six months of which were to be spent in the county jail. On two occasions, defendant was found

* Circuit judge, sitting on the Court of Appeals by assignment.

to have violated the terms of his probation but each time defendant was resentenced to probation under the original terms and conditions. Subsequently, defendant was charged with five counts of probation violation and was found guilty of three counts. Defendant was sentenced to imprisonment for 2-1/2 to 5 years, and he appeals as of right.

MCL 771.3(1)(b); MSA 28.1133(1)(b) requires that conditions of probation include a provision forbiding the probationer from leaving the state without the consent of the court. One of the counts of which defendant was convicted charged defendant with a violation of that condition. Defendant argues that such a condition violates the right to travel secured by US Const, Am XIV. However, that amendment recognizes that persons may be deprived of their liberty with due process of law. A criminal conviction constitutionally deprives the defendant of much of his liberty; convicts retain some constitutional rights, but those rights are subject to restrictions imposed by the nature of the regime to which they have been lawfully committed. *Wolff v McDonnell,* 418 US 539; 94 S Ct 2963; 41 L Ed 2d 935 (1974); *Meachum v Fano,* 427 US 215; 96 S Ct 2532; 49 L Ed 2d 451 (1976). A probationer retains only those rights which are consistent with his probationary status. *People v Hardenbrook,* 68 Mich App 640; 243 NW2d 705 (1976). A condition of probation restricting the probationer's right to travel may therefore be imposed without violation of the constitution.

Defendant also argues that the condition at issue was unconstitutionally vague. This argument is without merit because the meaning of the condition is clear and unambiguous; reasonable persons would not guess at its meaning or differ as to its application. See *Lanzetta v New Jersey,* 306 US 451, 453; 59 S Ct 618; 83 L Ed 888 (1939).

Another count of which defendant was convicted was charged as follows:

"On or about July 17, 1981, this probationer aided in the concealment of two runaway juveniles from the Our Lady of Charity Juvenile Institution in Green Bay, Wisconsin, by allowing them to stay with him for several nights in and around Ontonagon County. The probationer was aware of the fact that the girls were runaways from a Juvenile Institution. This action would constitute a violation of MCL 722.152, aiding or abetting runaway juveniles, and would be a violation of Condition #1 of the probationer's probation order which reads: That he shall not violate any criminal law of any state or of the United States, or any municipal or county ordinance."

MCL 722.151; MSA 25.264(1) provides:

"No person shall knowingly and wilfully aid or abet a child under the age of 17 years to violate an order of a juvenile court or knowingly and wilfully conceal or harbor juvenile runaways who have taken flight from the custody of the court, their parents or legal guardian."

MCL 722.152; MSA 25.264(2) merely establishes the penalty for violation of the preceding section.

Defendant argues that the evidence was insufficient to sustain his conviction of this count. One of the two juvenile runaways at issue, Clarissa Royston, testified that Tracy Bouhan and she encountered defendant in Ontonagon on July 17. According to Royston, defendant took them to a wedding reception and then to a shack behind his home. Royston testified that Bouhan remained at the shack but that she left and stayed with other friends.

Tracy Bouhan's testimony generally corroborated that of Royston. According to Bouhan, she

spent the night of July 17 in the shack and then went on a camping trip with defendant and two other persons. Bouhan could not say how long the trip lasted but was sure that it lasted more than one day. Both Royston and Bouhan testified that defendant was aware that they were juvenile runaways.

The prosecution bears the burden of establishing a probation violation by a preponderance of the evidence; the rules of evidence other than those concerning privileges do not apply. GCR 1963, 791.4(c). Reading this standard together with the standard for sufficiency of the evidence to sustain a criminal conviction stated in *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), we conclude that evidence is sufficient to sustain a conviction of probation violation if, viewed in the light most favorable to the prosecution, it would enable a rational trier of fact to conclude that the essential elements of the charge were proven by a preponderance of the evidence.

The testimony that defendant took the two girls to a wedding reception is irreconcilably inconsistent with the notion that he was concealing them. No evidence was presented to suggest that the camping trip with Bouhan and two others involved anything which could conceivably be interpreted as concealment. Defendant's association with Royston apparently ended shortly after the reception. Even considering the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could not have concluded that concealment was shown by a preponderance of the evidence.

The prosecution points out that MCL 722.151; MSA 25.264(1) also forbids knowingly and wilfully

harboring juvenile runaways. However, a defendant charged with probation violation is entitled to written notice of the charges against him and, probation may not be revoked for uncharged conduct. *People v Hunter,* 106 Mich App 821; 308 NW2d 694 (1981); *People v Longmier,* 114 Mich App 351; 319 NW2d 579 (1982); *People v Banks,* 116 Mich App 446; 323 NW2d 436 (1982); *People v Graber,* 128 Mich App 185; 339 NW2d 866 (1983). Because the charge here specified concealment, the prosecution cannot rely on another theory to sustain defendant's conviction.

Moreover, an "aider and abettor" is one who encourages, counsels, or assists another in the commission of a crime with the intention of rendering such help and with knowledge that a criminal act is contemplated. See, for example, *People v Spry,* 74 Mich App 584, 594; 254 NW2d 782 (1977). "Harbor" in some contexts refers to the furnishing of food, shelter, or other aid clandestinely or with concealment but in other contexts refers to the furnishing of such aid with the intent to encourage further violations of the law. See, for example, *United States v Grant,* 55 F 414 (CCD Or, 1893); see also *United States v Foy,* 416 F2d 940 (CA 7, 1969). We infer that an essential of the crime of "aiding and abetting" or "harboring" a runaway juvenile is an intent to encourage, counsel, or assist the juvenile in evading lawful custody. Mere knowledge that a person aided is a juvenile runaway is insufficient; otherwise, the statute would make innocent acts of charity criminal. The statue was not intended to be construed so broadly as to outlaw runaway shelters or "hotlines". We cannot see how such an intent is shown by evidence that defendant took two persons he knew to be juvenile runaways to a wedding reception, provided one

with shelter for a night, or accompanied one on a camping trip with several other persons.

We note also that the charge specified an incident on or about July 17. Other evidence presented showed that defendant assisted several juvenile runaways on or about July 6; however, the charge at issue here clearly did not refer to the earlier incident.

The third count of which defendant was convicted charged him with fishing without a license. At the beginning of the probation violation hearing, defendant's counsel stated that defendant did not contest that count. The court proceeded to conduct a probation revocation hearing without further discussion of the count at issue. Defendant points to the court's complete failure to follow the procedures stated in GCR 1963, 791.5 for taking a guilty plea to a charge of probation violation. The prosecution responds by pointing out that defendant never waived his right to a contested hearing on the count at issue and that what took place cannot be characterized as a guilty plea.

We accept the prosecution's characterization of the proceedings. However, because arguments by counsel are not evidence, *People v Boxx,* 16 Mich App 724; 168 NW2d 628 (1969), the statement by defendant's counsel in opening argument cannot support defendant's conviction. Because no other evidence relevant to this count was introduced, defendant's conviction of this count must be reversed.

We emphasize that the requirements of GCR 1963, 791.5 must be met even when the defendant seeks to plead guilty to less than all of the counts pending against him. While not every deviation from the rule requires reversal, a record sufficient to show that the plea was understanding, volun-

tary, and knowing must be made. *People v Alame,* 129 Mich App 686; 341 NW2d 870 (1983). Here, however, because of our acceptance of the prosecution's characterization of the proceedings, we are reversing defendant's conviction of this count for insufficient evidence rather than for the failure to comply with the rule.

Defendant's final argument concerns the preparation of the presentence report. Defendant argues that the report should not have been prepared by the probation officer who testified. We cannot agree. It is the judge, not the presentence investigator, who determines the sentence to be imposed. Defendant's rights are adequately safeguarded by the requirement that he be afforded an opportunity to explain or controvert any allegation contained in the report, see GCR 1963, 785.12, and by the requirement that defendant and his counsel be afforded an opportunity to advise the court of any circumstances they believe that the court should consider in imposing the sentence, see GCR 1963, 785.8(2).

Because we have reversed defendant's conviction of two of the three counts at issue for insufficiency of evidence, and because it is impossible to tell from this record the extent to which the sentence imposed reflected defendant's conviction of those two counts, we remand the case to circuit court for resentencing.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.