PEOPLE v HALL

Docket No. 74216. Submitted September 4, 1984, at Detroit.—Decided
    October 2, 1984.

Defendant, Alan R. Hall, pled guilty in the Macomb Circuit Court
    to attempted larceny in a building and was sentenced to two
    years probation. Defendant's probation was subsequently ex-
    tended as a result of a violation of the terms of his probation.
    Thereafter, the defendant was again charged with violating his
    probation. Defendant pled guilty to the charge and the trial
    court, Kenneth N. Sanborn, J., sentenced defendant to from 16
    to 24 months imprisonment, with 6 days credit. Defendant
    appeals. *Held:*

    1. The record establishes defendant's knowing, voluntary and
    intelligent waiver of his right to counsel at the probation
    revocation hearing.

    2. The trial court did establish sufficient support for its
    finding that defendant was guilty of the violation charged. The
    record sufficiently shows that the plea was understanding,
    voluntary and knowingly made. Here, the defendant's admis-
    sion of guilt to the stated charge was sufficient to establish a
    basis for finding that defendant was guilty.

    3. The Court of Appeals rejected the defendant's arguments
    regarding the trial court's failure to consider his explanation
    and consideration of evidence of the prior violation of proba-
    tion.

    Affirmed.

1. Criminal Law — Probation Violation — Guilty Pleas — Court
    Rules.

    A trial court, before accepting a plea of guilty to a violation of
    probation, shall, speaking directly to the probationer and re-
    ceiving the probationer's response, establish support for a

References for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law §§ 486, 489.

[1, 3, 4] 21 Am Jur 2d, Criminal Law §§ 578, 579.

    Right to notice and hearing before revocation or suspension of
    sentence, parole, conditional pardon, or probation. 29 ALR2d
    1074.

finding that the probationer is guilty of the violation charged (GCR 1963, 791.5[b][4]).

2. CRIMINAL LAW — PROBATION VIOLATION — GUILTY PLEAS — COURT RULES.

Not every deviation from the court rule dealing with guilty pleas to probation violations requires reversal, provided that a record sufficient to show that the plea was understanding, voluntary and knowing has been made (GCR 1963, 791.5[b][4]).

3. CRIMINAL LAW — PROBATION REVOCATION HEARINGS.

A probation revocation hearing consists of two steps: (1) a factual determination that the violation charged in the notice has occurred, and (2) a discretionary determination that the proven charges warrant revoking probation.

4. CRIMINAL LAW — PROBATION REVOCATION HEARINGS.

A probationer is entitled to a written copy of a charge of probation violation and a hearing thereon; the decision to revoke probation cannot be based on conduct which is not charged in the notice of violation; a probationer is entitled to have his explanation for his alleged violation considered by the court (MCL 771.4; MSA 28.1134).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Robert J. Berlin,* Assistant Prosecuting Attorney, for the people.

*Diane Femminineo,* for defendant on appeal.

Before: HOOD, P.J., and R. M. MAHER and WAHLS, JJ.

PER CURIAM. Defendant pled guilty to a charge of attempted larceny in a building, MCL 750.360; MSA 28.592, and was sentenced to two years probation. On July 14, 1983, defendant was charged with violating his probation by failing to report to his probation officer in April, May, June, and July of 1983. Defendant pled guilty to this charge and was sentenced to from 16 to 24 months imprison-

ment, with 6 days credit. He now appeals as of right from the revocation decision.

Defendant first argues that the court failed to make a finding that defendant made an understanding, knowing, and voluntary waiver of his right to counsel. At the revocation hearing, the following exchange occurred:

"*The Court:* You are entitled to an attorney in this matter to represent you, this being a probation violation hearing. You can retain a private attorney, or if you do not have the funds, then I will appoint an attorney to represent you.

"Do you wish to have an attorney in this matter?

"*The Defendant:* No, sir. I don't want to prolong it any more."

Defendant argues that this exchange does not establish a knowing, voluntary, and intelligent waiver because the trial court "apparently" did not consider various pertinent factors (listed in *People v Kitley,* 59 Mich App 71, 76; 228 NW2d 834 [1975]) in determining that defendant had waived his right to counsel. He also argues that the court failed to specifically state that defendant had a *right* to counsel, rather than merely an *option* to have an attorney present.

We disagree. The *Kitley* Court did not establish a hard and fast rule for the waiver of counsel, but rather established guidelines under which a court could review the "facts and circumstances of each particular case" to determine whether or not a defendant had made a knowing and intelligent waiver of his right to counsel. In *Kitley,* the defendant was 18 years old, unemployed, and did not have a high school diploma. More importantly, when first asked if he wished to have an attorney, he stated, "I don't know". At no time did the defendant unequivocally state that he did not

want counsel. In addition, the trial court in *Kitley* advised the defendant of his "right" to counsel in such a way that the defendant could well have been deterred from asserting that right. In this case, although defendant was also young (22 years old) and uneducated (a 10th grade education), he was clearly advised of his right to have counsel appointed for him[1] and he was not advised in such a way as to deter his assertion of his right. In addition, defendant clearly expressed his wish not to have counsel; his response to the court indicates that he had weighed his options and chosen not to postpone the inevitable. See *People v Alame,* 129 Mich App 686, 689; 341 NW2d 870 (1983), *lv den* 419 Mich 877 (1984).

Defendant next argues that the court failed to establish support for a finding that defendant was guilty, as required by GCR 1963, 791.5(b)(4):

"(b) Before the court accepts a guilty plea, it shall, speaking directly to the probationer and receiving the probationer's response,

\* \* \*

"(4) establish suport for a finding that the probationer is guilty of the violation charged."

In this case, the trial court established that defendant had received notice of the charge before the hearing began and then read the charge to defendant at the hearing. Defendant twice stated that he understood the charge. After being advised of the rights he would waive if he pled guilty, defendant was asked, "How do you plead to this probation violation?" Defendant responded, "I plead guilty, your Honor". The court then asked defen-

---

[1] We reject defendant's contention that the use of the word "entitled" does not adequately convey the nature of the right to counsel. Defendant was adequately informed of his right.

dant if he wished to be sentenced immediately, and defendant replied, "Yes". On appeal, defendant argues that this procedure did not establish a factual basis for his plea, but only established that he wished to plead guilty to the violation.

While this is a close question, we find that the court did establish sufficient support for its finding that defendant was guilty of the violation charged. No case has directly addressed the question of the quantum or nature of the support necessary for a finding of guilt. However, the staff comment to GCR 1963, 791.5 suggests that, under certain circumstances, a probationer's admission of guilt may be sufficient:

"Subrule 791.5 is a codification of the law as recognized in *People v Rial,* 399 Mich 431; 249 NW2d 114 (1976); *People v Hooks,* 89 Mich App 124; 279 NW2d 598 (1979); *People v Michael Brown,* 72 Mich App 7; 248 NW2d 695 (1976); and *People v Kitley,* 59 Mich App 71; 228 NW2d 834 (1975), except that before accepting a plea the trial judge must state the maximum sentence the probationer may receive if probation is revoked, *and establish a factual basis for the plea (which need not stem from an admission of guilt by the probationer in open court)."* (Emphasis added.)

In the four cases named in this comment the issues did not involve the "factual basis" question, but the factual statements made in the cases indicate that guilt was found in three of these pre-rule cases on little more than the probationer's admission of guilt. In *Rial,* the opinion states that "both defendants waived their rights to appointed counsel and to a formal hearing on the charges. Both admitted that they had violated the terms of their probations. In each case, the trial judge revoked probation". 399 Mich 434-435. In *Hooks,* guilt was found after the probationer acknowl-

edged receiving notice of the alleged probation violation and her attorney asserted on the record that the probationer "pleads guilty, your Honor, to the charge of violation". The *Hooks* Court stated that the probationer had "clearly admitted her probation violations to the court". Finally, in *Michael Brown,* the lower court found guilt where the judge "read each charged violation to defendant, ascertained that defendant understood each charge, and asked defendant to plead to each charge. Defendant offered a plea of guilty to each charge".

Since these cases, and since the adoption of GCR 1963, 791.5(b)(4), this Court has twice found an inadequate support for a lower court's finding of guilt. In *People v Alame, supra,* the probationer was found guilty of violating his probation on three different charges. The support relied upon by the lower court consisted of the probation officer's stating on the record that the probationer "has been apprised of the allegations against him". The probation officer then read the contents of only one of the allegations on the record. A brief recess was called, after which the probation officer stated, "We have gone over the allegations and Mr. Alame has read through all of them". The court then asked the probationer how he wished to plead. The probationer answered, "Guilty". This Court, in reviewing the probationer's allegation that the trial court had failed to comply with GCR 1963, 791.5(b)(4), stated:

"Finally, we find that the record shows that the trial court did not 'establish support for a finding that the probationer is guilty of the violation charged', GCR 1963, 791.5(b)(4). In fact, the trial court did not make any finding at all but simply accepted defendant's plea without even stating the charges on the record." 129 Mich App 690.

In *People v Ison,* 132 Mich App 61; 346 NW2d 894 (1984), insufficient support was found where the only basis for the finding of guilt was the defense counsel's statement at the beginning of the probation violation hearing that the probationer did not contest one of the three charges against him.

In this case, the lower court did not explicitly make a "finding" that defendant was guilty of the charged offense. In this sense, the court did not comply with the court rule. However, as noted in both *Alame* and *Ison,* not every deviation from the rule requires reversal, provided that a record sufficient to show that the plea was understanding, voluntary, and knowing has been made. We find that such a record was made here. The court stated the charge against defendant on the record and twice ascertained that defendant understood the charge. The charge itself was clear-cut and precise—failure to report to defendant's probation officer in April, May, June, and July of 1983. Defendant's admission of guilt to the stated charge was sufficient to establish a basis for finding that defendant was guilty.

Defendant's final argument is that the court should have considered his explanation for failing to report. Incorporated into this argument is a claim that the trial court improperly considered evidence of a prior violation which ended in probation being extended.

As stated by defendant, a probation revocation hearing consists of two steps: (1) a factual determination that the violation charged in the notice has occurred, and (2) a discretionary determination that the proven charges warrant revoking probation. *People v Clements,* 72 Mich App 500, 503; 250 NW2d 100 (1976), citing *Morrissey v Brewer,* 408 US 471, 479-480; 92 S Ct 2593, 2599; 33 L Ed 2d 484, 493 (1972). The decision to revoke proba-

tion cannot be based on conduct which is not charged in the notice of violation:

"Under the statute (MCL 771.4; MSA 28.1134) a probationer is entitled to a written copy of a charge of probation violation and to a hearing thereon. Only evidence relating to the charge may be considered and on the basis of that evidence alone is the decision whether to terminate or revoke the probationery order to be made." (Footnotes omitted.) *People v Elbert,* 21 Mich App 677, 681; 176 NW2d 467 (1970).

In addition, a probationer is entitled to have his explanation for his alleged violation considered by the court.

In this case, we reject defendant's first contention because we find that, although given an opportunity to inform the court of mitigating factors, defendant did not take the opportunity:

*"The Court:* You have the right to make any statement you desire before sentencing. Do you have anything you wish to say?

*"The Defendant:* No, sir. I would hope that, you know, I could go back on probation. You know, I'm just now getting back together with my wife and family.

*"The Court:* Where is your wife now?

*"The Defendant:* She is up in Hale.

*"The Court:* This is your second probation violation.

*"The Defendant:* Yes. I was thinking maybe I could maybe do weekends in jail or something so I could be with my family, sir.

*"The Court:* It's the ruling of this Court that you have violated your probation. It's serious enough, the violation, that you be sent to prison."

We also reject defendant's claim that the court improperly considered the fact that this was defendant's second probation violation. The court explicitly stated that it was revoking defendant's probation because "the violation" was serious enough to warrant this step.

Affirmed.