# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 30, 2011

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

141943

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

SC: 141943
COA: 292950
Oakland CC: 2007-214006-FH

IDRIS ZURI KUMASI,
       Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the September 21, 2010 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals, VACATE defendant's sentence, and REMAND this case to the Oakland Circuit Court for resentencing. The trial court did not make a sufficient factual basis for its finding of guilt that defendant violated his probation because he failed to maintain employment. Defendant's probation order states that defendant is to "maintain and/or seek employment as directed by P[robation] O[fficer,]" yet the court adduced no evidence with regard to how or whether the probation officer directed defendant to seek employment, particularly in light of the fact that defendant was also a student. Nor did the court adduce any evidence regarding whether defendant was seeking employment. Moreover, because defendant was a minor, the probation order requiring defendant to attend high school *and* maintain employment of 30 hours per week as directed by his probation officer may not have been legally possible given the restrictions set forth in Michigan's youth employment law. See MCL 409.111. Because on review this Court cannot determine to what extent the sentence imposed reflects the defendant's conviction on the vacated count, we remand for resentencing. See *People v Ison*, 132 Mich App 61 (1984). In all other respects, leave to appeal is DENIED because we are not persuaded that the remaining questions presented should be reviewed by this Court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 30, 2011

Clerk

p0323